The People of the State of Illinois, Defendant in Error, v. Al Johnson and Max Johnson, Plaintiffs in Error.

Gen. No. 37,710.

Opinion filed December 24, 1934.

PRESCOTT, BURROUGHS & TAYLOR, of Chicago, for plaintiffs in error; PATRICK B. PRESCOTT, JR., of counsel.

Thomas J. Courtney, State's Attorney, for defendant in error; Edward E. Wilson, Henry E. Seyfarth and John T. Gallagher, Assistant State's Attorneys, of counsel.

Mr. Justice McSurely delivered the opinion of the court.

Al Johnson and Max Johnson, defendants, were convicted of conspiracy to defraud the State of Illinois by making false returns under the Motor Fuel Tax Law of the State, Cahill's St. ch. 95a, ¶ 79 *et seq.*, and failure to pay the full amount of taxes on gasoline sold by them. Sam Levin was also a defendant and found guilty, and the three were sentenced to the Illinois State Penitentiary and were each fined $3,000. Al Johnson and Max Johnson have sued out this writ of error seeking a reversal. The finding was by a jury but the evidence upon which defendants were convicted is not preserved by a bill of exceptions.

Defendants assert in this court that their reindictment was 2½ years after the date of the last overt act of the conspiracy charged; that the reindictment is for a different offense from the one charged in the previous indictment and therefore the statute of limitations (18 months) has expired and the plea of the statute should have been allowed and defendants discharged. On the other hand, the State asserts that the second indictment was for the same offense as was charged in the prior indictment and therefore the first indictment tolled the statute of limitations, pursuant to section 6 of Div. 4 of the Criminal Code, par. 657, ch. 38, Illinois Statutes (Cahill). This section reads: "When an indictment, information or suit is quashed, or the proceedings on the same are set aside, or reversed on writ of error, the time during the pendency of such indictment, information or suit, so quashed, set aside or reversed, shall not be reckoned within the time limited by this Act, so as to bar

any new indictment, information or suit for the same offense.''

Defendants were indicted for conspiracy at the September term, 1930; in November, 1930, this was stricken off the court docket with leave to reinstate; December, 1932, the cause was reinstated and set down for trial; January 17, 1933, on motion of the defendants, this indictment was quashed; defendants were reindicted, returnable to the March term, 1933, and in April the same year a motion was made to quash this indictment.

A case stricken from the docket with leave to reinstate is a pending case, and it has been held that five years from the time it is stricken from the docket is a reasonable time within which to reinstate such a cause. *People v. Kidd,* 357 Ill. 133; *People v. Hill,* 350 Ill. 129. An indictment, to toll the statute of limitations under section 6 of Div. 4 of the Criminal Code, need not be a valid indictment. *People v. Buckner,* 281 Ill. 340. As the first indictment was within the 18-month period of limitations and is not to be reckoned within the time limited by the statute of limitations so as to bar any new indictment for the same offense, the decisive question is whether the new indictment charged the same offense as that charged in the first indictment.

Defendants' counsel point out many differences in the indictments which it is asserted charge different and separate offenses in the two indictments. They argue that in the first indictment it is charged that the conspiracy began August 1, 1929, and continued until September 15, 1930, while in the second indictment it is charged that the conspiracy ran from September 15, 1929, to September 15, 1930. The allegations as to the date of a conspiracy are not material except that it must be laid within the statutory period of limitations. *People v. Paddock,* 228 Ill. App. 403.

Defendants next say that in the first indictment it is charged that the Consumers Gas and Oil Company was a distributor of motor fuel and that defendants, being officers of said company, became and were distributors of motor fuel; that in the first indictment the corporation was not made a party defendant while it was made a defendant in the second indictment. It will be noted that it is the same corporation and defendants have the same names. The second indictment alleges that they are the same parties and in the absence of evidence heard on the trial we will presume that this allegation was proven. The corporation cannot act except through agents. Therefore it would be impossible for the defendant agents to act for the corporation in distributing motor fuel without themselves being distributors. Moreover, we must presume that on the trial it was proven that these agents knew of the conspiracy to defraud the State, in which case they would be guilty as accessories.

Furthermore, it was not necessary to indict all of the conspirators. The first section of the conspiracy section of the Criminal Code, par. 117, provides that two or more persons conspiring to commit any offense against the State of Illinois or to defraud the State are liable to a penalty.

Defendants also say that the first indictment charged the three defendants with conspiracy to defraud the State by naming the Consumers Gas and Oil Company as defrauding the State by preventing the Department of Trade and Commerce from inspecting gasoline and collecting fees as provided by the statute, while the second indictment makes no mention of the Department of Trade and Commerce or such inspection. We do not think it was necessary to allege the duties of the Department of Trade and Commerce under the statute. This department is required to inspect gasoline, and reports should be made by all persons handling gasoline through this department;

the effort to keep it from knowing the amount of gasoline handled and the concealment thereof was a fraud upon the State. The Department of Trade and Commerce was merely the legal instrumentality for ascertaining and reporting the amount of gasoline handled and was merely the instrument of the State for this purpose. The object of the conspiracy was not to defraud this department, but was directed against the State.

Differences as to the particular acts done in pursuance of the conspiracy charged in the respective indictments do not make the indictments charge different offenses. The gist of the crime charged was a conspiracy to commit an offense against the State of Illinois and to defraud the State. The overt acts merely set out the method of carrying out this conspiracy. The State might charge one overt act and prove any number of acts done pursuant to the conspiracy. It therefore makes no difference that in the first indictment defendants were charged with failure to pay the full amount of taxes on one million gallons of gasoline while in the second indictment the amount was put at six million gallons. Whichever amount was shown by the proof would be sufficient to prove that the offense was the same. The amount involved was not material to the commitment of the crime.

Defendants' counsel are in error in arguing that the evidence required to support a conviction under the second indictment in a conspiracy case must be the same as that charged in the first indictment. We repeat the gist of the conspiracy charged is the illegal agreement, or the agreement to do an illegal act. When this has been proven any number of acts done in furtherance of the conspiracy may be shown.

*Jester v. State,* 14 Ark. 552, is cited by the defendants in support of the proposition that all or none of the parties charged with a conspiracy must be found guilty. But the opinion discloses that this was pur-

suant to a statute in respect to gaming which provided that the names of all the parties charged with gaming must be proved as set out in the indictment.

There is no support for the claim of defendants that as no verdict was rendered against the Consumers Gas and Oil Company, therefore the entire verdict was a nullity. In criminal cases each person indicted, although indicted jointly with others, may alone be found guilty.

We would be merely repeating what we have said above if we should note in detail other points of difference in the two indictments suggested by defendants' counsel. They are all met by the general statement that both indictments charge a conspiracy to defraud the State, and any slight variations in the overt acts charged or the means used in pursuing this conspiracy are of no importance. We are inclined to recognize the rather caustic characterization by counsel for the State of defendants' argument on this point, as "all sorts of verbal tumbling."

The last point made by defendants challenges the summoning of more than 23 persons to serve upon the grand jury as contrary to the statute. The recent case of *People v. Lieber,* 357 Ill. 423, disposes of this point. It was there held that the provisions of the Juries Act, Cahill's St. ch. 78, ¶ 1 *et seq.,* and the Jury Commissioners Act, Cahill's St. ch. 78, ¶ 26 *et seq.,* as they relate to the manner of selection of grand juries are directory and not mandatory unless the substantial rights of the accused are injuriously affected by the methods pursued. There is no claim or evidence that this is the case here.

We see no reason to reverse the judgment of the criminal court, and it is affirmed.

*Affirmed.*

O'Connor, P. J., and Matchett, J., concur.