PEARL A. STANGER, Plaintiff-Appellant, *v.* E. P. ROBERT FELIX *et al.*, Defendants-Appellees.

First District (2nd Division)    No. 80-1957

Opinion filed June 16, 1981.

Jay B. Ross, of Chicago (Sidney Z. Karasik, of counsel), for appellant.

William G. Heap and Hoy, Oddo, Kucia & Groat, P. C., both of Oak Park, for appellees.

Mr. PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

This appeal is taken from the dismissal of plaintiff's fourth amended, two count malicious prosecution complaint, and from the denial of

plaintiff's motion for rehearing. Count I was dismissed for failure to comply with the relevant statute of limitations and count II for failure to state a cause of action. We affirm for the following reasons.

Count I of the amended complaint alleged, *inter alia*, that: on September 8, 1975, defendant Felix falsely, maliciously and without probable caused signed a criminal complaint charging plaintiff with trespass to property, which resulted in her arrest; a pretrial hearing on November 12, 1975, ultimately culminated in a dismissal of the trespass charge against her; and, as a result of the malicious prosecution, she experienced great anxiety, pain of mind and body; injury to her good name, reputation and credit; and was hindered and prevented from following and transacting her affairs and business for a long period of time. Count II alleged, *inter alia*, that: defendants Felix and Vita maliciously contrived to injure plaintiff's good name, credit and reputation; wrongfully instituted a second criminal proceeding against plaintiff on February 23, 1977, charging her with a 1977 assault and trespass; and these charges were dismissed on August 18, 1978. Damages similar to those alleged in count I were claimed.

Defendant Felix' motion to dismiss count I under section 48(e) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 48(e)) was based, in part, upon the application of the two-year statute of limitations for malicious prosecution actions (Ill. Rev. Stat. 1975, ch. 83, par. 15) in that the cause alleged therein occurred in 1975 and the original complaint was not filed until 1979. Defendants Felix and Vita asserted that count II failed to state a cause of action under section 48(i) because, although plaintiff alleged that the 1977 criminal proceeding against her had been dismissed, the proceeding did not "terminate in plaintiff's favor" as that term is defined by the malicious prosecution case law. In support of this latter position, defendants submitted the order entered by the criminal court August 19, 1977, which provided that although the court considered the facts sufficient to find plaintiff guilty of the 1977 trespass and assault charges, an order of supervision would be more appropriate than a sentence otherwise permitted by the Code of Corrections. The trial court granted defendants' motions as to both counts of plaintiff's malicious prosecution complaint, and her action was dismissed.

In order to state a cause of action for malicious prosecution, plaintiff must allege facts showing: " '(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff.' " (*Joiner v. Benton Community Bank* (1980), 82 Ill. 2d 40, 45, 411 N.E.2d 229, quoting from *Ritchey v. Maksin* (1978), 71 Ill. 2d 470, 475, 376 N.E.2d 991.) The malicious prosecution

action does not accrue until the criminal proceeding has terminated in plaintiff's favor; therefore, the limitations period does not begin to run until that termination date. (*Executive Commercial Services, Ltd. v. Daskalakis* (1979), 74 Ill. App. 3d 760, 766-67, 393 N.E.2d 1365; *Myers v. Green* (1972), 5 Ill. App. 3d 816, 284 N.E.2d 349.) Plaintiff here alleged in count I that the first criminal prosecution terminated in her favor in 1975. That cause would be thus barred by a two-year limitations period because the complaint was not filed until June 22, 1979, under section 14 of the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, par. 15), which provides that actions for damages for malicious prosecution, shall be commenced within two years next after the cause of action accrued.

Plaintiff's theory is that count I of her complaint should be governed by section 15 of the Limitations Act, which extends the limitation period to five years for damage to personal property. (Ill. Rev. Stat. 1975, ch. 83, par. 16.) This is so, she insists, because she has there alleged an inability to transact her affairs and business which would constitute an injury to personal property. In analyzing plaintiff's theory, we note, first, that sections 13, 14 and 15 of the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, pars. 14, 15, 16) were framed by the Legislature not "* * * upon the form of the particular action named but on the particular injury sued for or upon the obligation out of which the action grows." (*Handtoffski v. Chicago Consolidated Traction Co.* (1916), 274 Ill. 282, 285, 113 N.E. 620.) Therefore, the focus for application of the sections is on the latter two bases, rather than on the former. *Montague v. George J. London Memorial Hospital* (1979), 78 Ill. App. 3d 298, 396 N.E.2d 1289; *Schreiber v. Eastern Airlines, Inc.* (1976), 38 Ill. App. 3d 556, 348 N.E.2d 218; *Hundt v. Burhans* (1973), 13 Ill. App. 3d 415, 300 N.E.2d 318; *Menolascino v. Superior Felt & Bedding Co.* (1942), 313 Ill. App. 557, 569, 40 N.E.2d 813.

■■ In applying the *Handtoffski* rule, it is clear that consequential damages which result from one of the specified injuries defined in section 14 are not relevant in determining the applicable limitations period inasmuch as section 14 is designed to control *actions* for damages because of or on account of one of the particular injuries set forth therein. (*Handtoffski*, at 286.) On this basis, the court in *Seymour v. Union News Co.* (1953), 349 Ill. App. 197, 110 N.E.2d 475, held that plaintiff's loss of earnings, as well as other damages, which resulted from an injury to the person, were not injuries to personal property for purposes of invoking the five year period under section 15 of the Limitations Act, but were, instead, merely consequences of the particular injury, *i.e.*, injury to the person, and were thereby governed by the two year period of section 14. To the same effect are *Kolar v. City of Chicago* (1973), 12 Ill. App. 3d 887, 890, 299 N.E.2d 479; *Colucci v. Chicago Crime Com.* (1975), 31 Ill. App. 3d 802, 334 N.E.2d 461; and *Tom Olesker's Exciting World of Fashion*,

*Inc.* (1973), 16 Ill. App. 3d 709, 714, 306 N.E.2d 4549, *rev'd on other grounds* (1975), 61 Ill. 2d 129. Plaintiff's right to proceed in the instant case is bottomed upon the alleged malicious acts of defendants in having wrongfully caused her arrest and prosecution without probable cause, not whether, as she asserts, she sustained mental anguish, pain, suffering and loss of earnings, credit or business. To be sure, the asserted elements of damage may be considered within the remedial aspect of such allegedly wrongful acts, but they cannot direct the cause of action away from the fundamental facts from which that action emanates. We therefore hold that the particular injury sued upon for purposes of applying the statute of limitations was the putative malicious prosecution, a wrong against plaintiff's person, not her property. The two-year period of section 14 is therefore applicable, and the resultant "inability to transact business" was merely a consequential damage of the injury sustained.

■■ Plaintiff's endeavor to resurrect the 1975 action from its section 14 demise by claiming that the 1977 action somehow "* * * had the effect of extinguishing plaintiff's original [1975] claim, * * *" is without merit. No case or other authority is cited to support this theory and the law is to the contrary. Once a limitations statute has begun to run, it is not arrested or tolled unless expressly so provided by statute. (*United States Fidelity and Guaranty Co. v. Dickason* (1917), 277 Ill. 77, 115 N.E. 173; *Bonney v. Stoughton* (1887), 122 Ill. 536, 542, 13 N.E. 833; *Glenn v. McDavid* (1942), 316 Ill. App. 130, 44 N.E.2d 84.) Section 14 contains no such provision.

■■■ Turning to count II, the 1977 criminal proceeding plainly did not terminate in plaintiff's favor. Actions for malicious prosecution historically have not been favored by the law because public policy favors the cooperation of citizens in exposing crimes. Consequently, the law has so developed that if the criminal proceeding which is the basis of plaintiff's malicious prosecution is terminated in any manner not indicative of plaintiff's innocence of that charge, an action for malicious prosecution will not lie. (*Joiner v. Benton Community Bank* (1980), 82 Ill. 2d 40, 44-45, 411 N.E.2d 229; *Kurek v. Kavanagh, Scully, Sudow, White & Frederick* (1977), 50 Ill. App. 3d 1033, 1038, 365 N.E.2d 1191.) The instant order entered by the trial court in the 1977 criminal proceeding against plaintiff states that the facts were sufficient for a finding of her guilt. This order therefore patently establishes that those proceedings ended in a manner not indicative of plaintiff's innocence. Count II was therefore properly dismissed. The dismissal would have been proper even had the order been entered pursuant to plaintiff's stipulation to the facts in exchange for court supervision. (See *Joiner*, 82 Ill. 2d 40, 45; *Kurek*, 50 Ill. App. 3d 1033, 1038.) The statute authorizing supervision as an alternative to sentencing, section 5—6—1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1005—6—1(c)), requires the trial court to find, among

other things, that the criminal offender is not likely to commit further crimes and that the order of supervision is more appropriate than a sentence otherwise permitted. Such findings, made in the instant case, are indicative of plaintiff's guilt, not her innocence, in the criminal cases.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

DOWNING and PERLIN, JJ., concur.