SUBHEN GHOSH, Plaintiff-Appellant, v. ANURADHA GHOSH ROY, Defendant-Appellee (Richard Windisch, Defendant).

Fifth District   No. 5—89—0827

Opinion filed January 30, 1991.

Subhen Ghosh, of Indianapolis, Indiana, appellant *pro se.*

Robert L. Douglas and Fred W. Johnson, both of Law Offices of Robert L. Douglas, Ltd., of Robinson, for appellee.

JUSTICE HOWERTON delivered the opinion of the court:

Three criminal informations charged plaintiff with child abduction. One was dismissed in return for plaintiff's agreement not to sue either the State's Attorney, the Department of Children and Family Services or his ex-wife. The other two were dismissed on the State's motion. Plaintiff sued his ex-wife for malicious prosecution, alleging that she caused him to be arrested and charged with child abduction in those three cases.

The circuit court dismissed the plaintiff's first amended complaint pursuant to Illinois Code of Civil Procedure sections 2—619(a)(5) and (a)(9) (Ill. Rev. Stat. 1989, ch. 110, pars. 2—619(a)(5), (a)(9)) and correctly refused to rule on a second amended complaint that added Richard Windisch as a defendant because it was filed without leave of court, and therefore, was a nullity and should be stricken. (See *Peoples v. Peoples* (1981), 96 Ill. App. 3d 94, 420 N.E.2d 1072; *Midwest Bank & Trust Co. v. Village of Lakewood* (1983), 113 Ill. App. 3d 962, 447 N.E.2d 1358.) Therefore, Windisch is not a party to this appeal and was not a party in the original action.

We examine the propriety of the dismissal of the first amended complaint.

At the outset, plaintiff presents a claim of procedural error, namely, that the circuit court should not have dismissed this case outright under section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—619); instead, plaintiff claims that the court merely should have stricken the complaint with leave to replead pursuant to section 2—615 (Ill. Rev. Stat. 1989, ch. 110, par. 2—615). The purpose of sections 2—619(a)(5) and (a)(9) is to provide summary disposition of a case either by showing that the case is barred by the statute of limitations or that some affirmative matter will defeat the claim. (See, *e.g., Millan v. Seibt* (1977), 49 Ill. App. 3d 506, 364

N.E.2d 521.) In the case at bar, defendant filed the motion pursuant to section 2—619 and alleged the expiration of the statute of limitations, as well as other affirmative matters—*i.e.*, that the criminal charges were dropped in return for an agreement not to sue. Therefore, once the court found these matters to be as defendant had alleged, dismissal under section 2—619 was proper. We now address the plaintiff's substantive challenge to the court's dismissal.

■ Plaintiff pleaded malicious prosecution, a cause of action not favored in the law. (*Joiner v. Benton Community Bank* (1980), 82 Ill. 2d 40, 411 N.E.2d 229; *Schwartz v. Schwartz* (1937), 366 Ill. 247, 8 N.E.2d 668; *Shedd v. Patterson* (1922), 302 Ill. 355, 134 N.E. 705.) That disfavor rests upon a recognition that cooperation of the citizenry, a critical ingredient in the battle against crime, would be discouraged if citizens were in fear of a civil suit for damages. (*Joiner v. Benton Community Bank* (1980), 82 Ill. 2d 40, 411 N.E.2d 229.) In order to raise the threshold for recovery, malice, therefore, has been made one of the elements of a cause of action for malicious prosecution. A cause of action for malicious prosecution consists of these elements: "(1) the commencement or continuance of an original criminal or civil proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff." (*Joiner v. Benton Community Bank* (1980), 82 Ill. 2d 40, 45, 411 N.E.2d 229, 232; *Ritchey v. Maksin* (1978), 71 Ill. 2d 470, 475, 376 N.E.2d 991, 993.) If criminal proceedings are not terminated in a manner that indicates plaintiff's innocence, then plaintiff cannot make out a cause of action for malicious prosecution. (*Joiner v. Benton Community Bank* (1980), 82 Ill. 2d 40, 411 N.E.2d 229; *Schwartz v. Schwartz* (1937), 366 Ill. 247, 252, 8 N.E.2d 668, 671; *Ewe v. Angland* (1945), 325 Ill. App. 677, 60 N.E.2d 774; Restatement (Second) of Torts §660(a) (1977); 52 Am. Jur. 2d *Malicious Prosecution* §43 (1970); Annot., 67 A.L.R. 513 (1930).) Consequently, a party to an agreement that criminal charges be dismissed cannot maintain an action for malicious prosecution based upon those charges. *Joiner v. Benton Community Bank* (1980), 82 Ill. 2d 40, 411 N.E.2d 229; *Rich v. Baldwin* (1985), 133 Ill. App. 3d 712, 479 N.E.2d 361; *Stanger v. Felix* (1981), 97 Ill. App. 3d 585, 422 N.E.2d 1142; *Ewe v. Angland* (1945), 325 Ill. App. 677, 60 N.E.2d 774.

■ In the case at bar, three criminal cases had been lodged against plaintiff. One case, numbered 86—CF—93, had been dropped in return for plaintiff's agreement not to sue. Plaintiff's suit for malicious prosecution based on this criminal case could not be maintained

because plaintiff had agreed not to bring suit in return for dismissal of this case, a disposition that indicates neither guilt nor innocence. Therefore, the circuit court was correct in dismissing plaintiff's cause of action.

■ Plaintiff's complaint based upon the other two criminal cases, numbered 83—CM—183 and 85—CM—48, is barred by the statute of limitations. (Ill. Rev. Stat. 1989, ch. 110, par. 13—202.) The limitations period for malicious prosecution is two years, and the action accrues on the date the criminal proceeding is terminated. (*Stanger v. Felix* (1981), 97 Ill. App. 3d 585, 422 N.E.2d 1142.) The case numbered 83—CM—183 was dismissed on January 17, 1984. Case 85—CM—48 was dismissed on February 18, 1986. Plaintiff did not file suit until December 21, 1988, more than two years after the cause accrued in each case. Therefore, the statute of limitations barred these causes of action, and the circuit court was correct in dismissing plaintiff's complaint for malicious prosecution based on these two criminal charges brought against him.

The circuit court is affirmed.

Affirmed.

LEWIS and WELCH, JJ., concur.