LOUIS VELEZ, Plaintiff-Appellee, v. AVIS RENT A CAR SYSTEM, INC., Defendant-Appellant.

First District (6th Division)   No. 1—99—0413

Opinion filed November 12, 1999.

Neal, Gerber & Eisenberg, of Chicago (Michael D. Sher and John W. Guarisco, of counsel), for appellant.

Robert F. Lisco, P.C., of Chicago (Robert F. Lisco, of counsel), for appellee.

PRESIDING JUSTICE ZWICK delivered the opinion of the court:

Plaintiff, Louis Velez, filed the instant action seeking recovery for malicious prosecution based upon the institution of criminal proceedings against him by defendant, Avis Rent A Car System, Inc. (Avis). Avis brought a motion to dismiss the action pursuant to section 2—615 of the Illinois Code of Civil Procedure (735 ILCS 5/2—615 (West 1996)), asserting that plaintiff had failed to allege a "favorable termination" of the prior criminal proceedings, which was an essential element of his claim for malicious prosecution. The trial court denied the motion to dismiss, and Avis has appealed.

The substantive allegations contained in plaintiff's second amended complaint consist of the following.

Plaintiff had been employed by Avis for approximately seven years when Avis knowingly, maliciously, and without any justification, caused a criminal complaint to be filed against plaintiff, charging him with criminal damage to property. That criminal complaint, filed on March

30, 1995, was ultimately stricken with leave to reinstate on March 22, 1996. Avis thereafter refiled the cause on April 17, 1996. The cause was continued on several occasions. Plaintiff demanded an immediate trial on August 12, 1996, pursuant to the speedy trial provisions contained in the Illinois Code of Criminal Procedure of 1963 (725 ILCS 5/103—5(a) (West 1996)). However, Avis refused to proceed to trial, and the cause was again stricken with leave to reinstate. As of that date, the statute of limitations had expired for the offense charged in the criminal complaint against plaintiff, and trial was precluded by the provisions of the speedy trial act.

Plaintiff's complaint further alleged that Avis's inaction in prosecuting the charges against him indicated that Avis lacked probable cause in initiating the criminal complaint. The striking of the charges against him constituted both an abandonment by Avis and a favorable termination of the criminal proceedings. In addition, plaintiff asserted that this result was consistent with his claim that he was innocent of the charges wrongfully brought against him.

Avis sought dismissal of the action pursuant to section 2—615 of the Illinois Code of Civil Procedure (735 ILCS 5/2—615 (West 1996)), asserting that plaintiff had failed to allege a "favorable termination" of the prior criminal proceedings, an essential element of a claim for malicious prosecution. The trial court denied the motion to dismiss, and on Avis's motion, the court certified the following question for interlocutory appeal pursuant to Supreme Court Rule 308(a) (155 Ill. 2d R. 308(a)):

> "Does this Complaint for Malicious Prosecution state a valid cause of action where the Complaint alleges that the Defendant, at two separate criminal court hearings, refused to prosecute criminal charges against the Plaintiff, with the Plaintiff demanding trial and pleading not guilty at each hearing, the charges being stricken on leave to reinstate ('SOL'd'), and where the Plaintiff specifically alleges that he is innocent of said criminal conduct, and the fact that the criminal charges are now barred by the Statute of Limitations and the Speedy Trial Act, constitute a favorable termination of the prior proceeding necessary to support said Malicious Prosecution cause of action?"

On March 29, 1999, this court granted Avis's request for interlocutory appeal under Rule 308(a).

■ When determining the legal sufficiency of a complaint under section 2—615, all well-pleaded facts are taken as true, and all reasonable inferences from those facts are drawn in favor of the plaintiff. 735 ILCS 5/2—615 (West 1996); *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 490, 675 N.E.2d 584 (1996). The court must determine whether

the allegations in the complaint, when viewed in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted. *People ex rel. Sklodowski v. State of Illinois*, 182 Ill. 2d 220, 227-28, 695 N.E.2d 374 (1998). Since the question of whether a complaint states a cause of action is one of law, our review of a trial court's decision on a section 2—615 motion to dismiss is *de novo. Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116, 619 N.E.2d 732 (1993).

As framed by the certified question set forth above, the sole issue presented in this appeal is whether plaintiff's second amended complaint sufficiently alleged a "favorable termination" of the prior criminal proceedings against him to support his claim for malicious prosecution.

■ To assert a claim for malicious prosecution in Illinois, a plaintiff must establish (1) that the defendant in the malicious prosecution action brought a previous action against him maliciously and without probable cause, (2) that the previous action was terminated in his favor, and (3) that he suffered some "special injury" or damage beyond the usual expense, time, or annoyance attributable to defending a lawsuit. *Cult Awareness Network v. Church of Scientology International*, 177 Ill. 2d 267, 272, 685 N.E.2d 1347 (1997).

■ In *Cult Awareness Network*, the Illinois Supreme Court identified the types of judicial determinations that constitute a "favorable termination" for purposes of malicious prosecution suits. There, the supreme court rejected the more restrictive approach embodied in numerous prior appellate opinions which required the legal disposition of the prior action to consist of a determination on the factual issue of the case in order to be considered a favorable termination. See *Cult Awareness Network*, 177 Ill. 2d at 271. Instead, the supreme court adopted the more liberal approach set forth in the Restatement (Second) of Torts, which mandates that the court look beyond the type of disposition obtained in the prior proceedings when assessing whether that termination was, indeed, "favorable" for purposes of a malicious prosecution claim.

The court's opinion in *Cult Awareness Network* quoted that portion of the Restatement which reads as follows:

" '*Termination in favor of the person against whom civil proceedings are brought.* Civil proceedings may be terminated in favor of the person against whom they are brought *** by (1) the favorable adjudication of the claim by a competent tribunal, or (2) the withdrawal of the proceedings by the person bringing them, or (3) the dismissal of the proceedings because of his failure to prosecute them. A favorable adjudication may be by a judgment rendered by

a court after trial, or upon demurrer or its equivalent. In either case the adjudication is a sufficient termination of the proceedings, unless an appeal is taken.*** Whether a withdrawal or an abandonment constitutes a final termination of the case in favor of the person against whom the proceedings are brought and whether the withdrawal is evidence of a lack of probable cause for their initiation, *depends upon the circumstances under which the proceedings are withdrawn.*' (Emphasis added.) Restatement (Second) of Torts § 674, Comment *j* (1977)." *Cult Awareness Network*, 177 Ill. 2d at 276.

As specifically noted in *Cult Awareness Network*, this approach allows dispositions that do not reach the merits of the underlying case to satisfy the favorable determination requirement in certain circumstances. Under this approach, whether or not the requirement is met is to be determined not by the *form* or *title* given to the disposition of the prior proceeding, but by the *circumstances* under which that disposition is obtained. Thus, in certain cases, terminations that do not rise to the level of adjudications on the merits may satisfy the favorable termination requirement. *Cult Awareness Network*, 177 Ill. 2d at 277. An involuntary dismissal resulting from plaintiff's failure to comply with discovery serves as a favorable termination due to the fact that a party who fails to produce evidence, in essence, fails to prosecute. *Cult Awareness Network*, 177 Ill. 2d at 277. A favorable termination may be found where the legal disposition gives rise to an inference of lack of probable cause. *Cult Awareness Network*, 177 Ill. 2d at 278, citing 54 C.J.S. *Malicious Prosecution* § 54 (1987).

In adopting the Restatement approach, the supreme court expressly recognized that the more restrictive "factual determination" approach embodied in the earlier appellate opinions had the unfortunate consequence of allowing those who utilize the courts for wrongful purposes to do so with impunity so long as they obtain a nonfactual disposition of the action. Under this approach, a disingenuous plaintiff can merely nonsuit his or her frivolous lawsuit in order to guard against a future malicious prosecution action. *Cult Awareness Network*, 177 Ill. 2d at 278, citing *Arora v. Chui*, 279 Ill. App. 3d 321, 336, 664 N.E.2d 1101 (1996) (McLaren, J., dissenting); *Marbourg v. Smith*, 11 Kan. 554, 562-63 (1873) (recognizing, as early as 1873, the problems inherent in allowing a plaintiff to avoid a malicious prosecution action by nonsuit).

The supreme court's opinion in *Cult Awareness Network* also explicitly noted that its decision to follow the Restatement view on this issue was consistent with its recent opinion in *Swick v. Liautaud*, 169 Ill. 2d 504, 513, 662 N.E.2d 1238 (1996), which addressed the

question of whether a *nolle prosequi* was a favorable termination in the context of malicious prosecution of an underlying criminal action. There, the court, without dissent, adopted the Restatement's approach to the question and held that a *nolle prosequi* may serve as a favorable termination unless the prosecution was abandoned for reasons not indicative of the innocence of the accused. *Swick*, 169 Ill. 2d at 513. The court stressed that it was the circumstances surrounding the entry of the *nolle prosequi* that must be examined and not the mere form or title of the disposition. *Swick*, 169 Ill. 2d at 513-14.

In *Swick*, the supreme court held that in the civil malicious prosecution context, the majority rule is that a criminal proceeding has been terminated in favor of the accused when a prosecutor formally abandons the proceeding via a *nolle prosequi*, unless the abandonment is for reasons not indicative of the innocence of the accused. *Swick*, 169 Ill. 2d at 513; Restatement (Second) of Torts §§ 659, 660, 661 (1977). The abandonment of the proceedings is not indicative of the innocence of the accused when the *nolle prosequi* is the result of an agreement or compromise with the accused, misconduct on the part of the accused for the purpose of preventing trial, mercy requested or accepted by the accused, the institution of new criminal proceedings, or the impossibility or impracticability of bringing the accused to trial. *Swick*, 169 Ill. 2d at 513; Restatement (Second) of Torts §§ 660, 661 (1977). The supreme court held that the Restatement approach best reflects the need to balance an individual's right to be free from unreasonable criminal prosecutions with the public policy that favors the exposure of crime.

We recognize that prior appellate court opinions have held that when a case is stricken on leave to reinstate, it is not terminated. See *Khan v. American Airlines*, 266 Ill. App. 3d 726, 732, 639 N.E.2d 210 (1994). According to these cases, a plaintiff whose case is stricken on leave must obtain a final determination in his favor by bringing a motion for discharge on speedy trial grounds. If a plaintiff fails to do so, he has failed to meet his burden of proving a favorable final determination. *Khan*, 266 Ill. App. 3d at 732-33. However, in light of the Illinois Supreme Court's pronouncements in *Cult Awareness Network* and *Swick*, this line of cases is no longer controlling. The law in Illinois now requires the court to look to the circumstances and nature of the prior disposition to determine whether it was a "favorable termination" of the proceedings. Where the disposition is indicative of a lack of probable cause to bring the earlier case, it will constitute a "favorable termination" for purposes of asserting a malicious prosecution claim.

In the case before us, the plaintiff's complaint alleged that the

criminal charges against him had twice been stricken on leave to reinstate and that prosecution of those charges was barred by the expiration of the statute of limitations and by the speedy trial provisions in the Code of Criminal Procedure. We hold that, under these circumstances, the prior criminal proceedings had been terminated. In addition, we hold that Avis had abandoned the prosecution of those criminal charges against plaintiff. Nothing in the plaintiff's complaint indicates that the abandonment of the prosecution was the result of an agreement or compromise with the accused, misconduct on the part of the accused for the purpose of preventing trial, mercy requested or accepted by the accused, the institution of new criminal proceedings, or the impossibility or impracticability of bringing the accused to trial. See *Swick*, 169 Ill. 2d at 513; Restatement (Second) of Torts §§ 660, 661 (1977).

Rather, the allegations contained in the second amended complaint indicate that Avis had ample opportunity to prosecute the case, and, indeed, had been called upon to do so by the plaintiff's demand for immediate trial. Yet, Avis twice refused to proceed to trial on the charges. In our view, these allegations indicate that the disposition was premised upon a lack of probable cause and was indicative of the innocence of the plaintiff. The substantive allegations in the second amended complaint adequately set forth the "favorable termination" element necessary to assert a claim for malicious prosecution. Accordingly, we hold that the trial court correctly denied Avis's section 2—615 motion to dismiss for failure to state a claim upon which relief could be granted.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

CAMPBELL and BUCKLEY, JJ., concur.