FOURTH DIVISION

August 14, 2003      

          

No. 1-02-2463

PIERRE FERGUSON,

Plaintiff-Appellant,

v.

THE CITY OF CHICAGO,

Defendant-Appellee.

)

)

)

)

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

Honorable

John Laurie,

Judge Presiding.

JUSTICE KARNEZIS delivered the opinion of the court:

Plaintiff Pierre Ferguson appeals from an order of the circuit court dismissing his action for malicious prosecution pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619(5) (West 2000)) on the grounds that it was barred by the statute of limitations. 

Ferguson was arrested on July 31, 1999, after he observed an ambulance drive the wrong way down a one way street and strike another vehicle.  As Chicago police officers were investigating the accident, Ferguson approached to tell the officers what he had witnessed.  He was ordered to return to his property and complied.  When it appeared that the officers were accepting the ambulance driver’s version of events, Ferguson again approached the officers to tell them that the ambulance’s emergency lights and sirens had not been activated at the time the ambulance was driving down the street.  At that time, officers walked into Ferguson’s yard, arrested him and charged him with three misdemeanor offenses.  Those charges were stricken with leave to reinstate on August 25, 2000.  Ferguson demanded trial.

On January 29, 2002, Ferguson filed a one-count complaint for malicious prosecution against the City of Chicago as a result of the officers’ wrongful actions.  Ferguson alleged that Chicago police officers arrested him without probable cause because the officers knew that Ferguson had committed no criminal offense.  In addition, Ferguson alleged that the officers provided false information to the State’s Attorney’s office when the officers stated that Ferguson had been swearing in a loud voice at the officers and refused to stop yelling.  The officers also falsely relayed to the State’s Attorney’s office that Ferguson had resisted arrest and struck one of the officers in the chest.  

In response, the City of Chicago moved for the dismissal of the complaint pursuant to section 2-619 of the Code of Civil Procedure.  735 ILCS 5/2-619 (West 2000).  First, the city alleged that the action was time barred because the Governmental and Local Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/1-101 
et. seq
. (West 2000)) requires that a suit against a municipality be brought within one year from the date the cause of action accrued.  The city argued that the cause of action in this case accrued on August 25, 2000, the date that the charges were stricken with leave to reinstate (SOL).  Therefore, for the action to be timely, it had to have been filed no later than August 25, 2001.  In addition, the city argued that Ferguson failed to state a cause of action for malicious prosecution because he failed to demonstrate that the underlying criminal case was terminated in his favor. 

After a hearing, the court granted the motion to dismiss on the basis that it was barred by the statute of limitations.  The court did not rule on the city's claim that Ferguson had failed to state a cause of action.  It is from this order that Ferguson now appeals.  We affirm.  

We review the granting of a section 2-619 motion to dismiss 
de novo
.  
Neppl v. Murphy
, 316 Ill. App. 3d 581, 583, 736 N.E.2d 1174, 1178 (2000).

To state a cause of action for malicious prosecution, a plaintiff must allege facts showing: " ' "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) 
the termination of the proceeding in favor of the plaintiff
; (3) the absence of probable cause for such proceedings; (4) the presence of malice; and (5) damages resulting to the plaintiff. " ' " (Emphasis added.) 
Swick v. Liautaud
, 169 Ill. 2d 504, 512, 662 N.E.2d 1238, 1242 (1996), quoting 
Joiner v. Benton Community Bank
, 82 Ill. 2d 40, 45, 411 N.E.2d 229 (1980), quoting 
Ritchey v. Maksin
, 71 Ill. 2d 470, 475 (1978).   

Ferguson named the City of Chicago, a municipality, as the defendant in this case.  Therefore, the action fell under the ambit of the Tort Immunity Act (745 ILCS 10/8-101 (2000)).  The Tort Immunity Act limits actions against municipalities and provides in relevant part:

“No civil action may be commenced in any court against a local

entity or any of it's employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued.”

745 ILCS 10/8-101 (West 2000).  

Here, Ferguson argues that the trial court erred when it found that the statute of limitations for malicious prosecution in his case accrued on the date that the trial court entered an order striking the case with leave to reinstate (August 25, 2000).  Ferguson urges us to consider that the cause of action did not actually accrue until after the expiration of the 160-day reinstatement period because when a criminal case is "SOL'd" and a demand for trial is asserted by a defendant who is not in custody, as in the case at bar, the charges can be reinstated at any time within the 160-day "speedy trial period" of section 103-5(b) of the Code of Criminal Procedure of 1963.  725 ILCS 5/103-5(b) (West 2000).

It is well settled that the statute of limitations for a malicious prosecution claim accrues on the date that the underlying criminal proceedings have terminated in a defendant's favor.  
Stanger v. Felix
, 97 Ill. App. 3d 585, 586-87, 422 N.E.2d 1142, 1144 (1981); 
Ghosh v. Roy
, 208 Ill. App. 3d 30, 32, 566 N.E.2d 873, 875 (1991).  Therefore, the salient question before us is whether the SOL order entered in this case on August 25, 2000, can be construed as a "favorable termination."

An SOL, while not provided for by any rule or statute, is nonetheless common practice in the circuit court, especially in criminal cases.  
People ex rel. De Vos v. Laurin
, 73 Ill. App. 3d 219, 222, 391 N.E.2d 164, 166 (1979).  A case that is stricken remains an undisposed action and may still be placed on the docket and brought to trial so long as the court allows a subsequent motion to reinstate.  
People v. St. John
, 369 Ill. 177, 178, 15 N.E.2d 858, 859 (1938).  The case, therefore, remains a pending case.  
People v. Johnson
, 278 Ill. App. 204, 207 (1934) 
rev’d on other grounds,
 363 Ill. 45 (1936).  

In 
Swick v. Liautaud
, 169 Ill. 2d 504, 662 N.E.2d 1238 (1996), our supreme court considered, as a matter of first impression, whether the 
nolle prosequi
 of a criminal charge constituted a favorable termination in a malicious prosecution action.  Swick alleged that the 
nolle prosequi
 was entered in his case because of a lack of evidence demonstrating his guilt. With respect to the 
nolle
 
prosequi
,  the court noted the majority rule that a criminal proceeding has been terminated in favor of the accused when a prosecutor formally abandons the proceedings by means of a 
nolle prosequi
, unless the abandonment is for reasons not indicative of the accused's innocence. Restatement (Second) of Torts §§ 659, 660, 661 (1977).   The court further noted:

"The abandonment of the proceedings is not indicative of the innocence of 

the accused when the 
nolle prosequi
 is the result of an agreement or 

compromise with the accused, misconduct on the part of the accused for 

the purpose of preventing trial, mercy requested or accepted by the accused,

the institution of new criminal proceedings, or the impossibility or

impracticability of bringing the accused to trial."  
Swick
, 169 Ill. 2d at 513, 662 

N.E.2d at 1242, citing Restatement (Second) of Torts §§ 660, 661 (1977).  

Therefore, the circumstances under which the disposition is obtained are determinative of whether a favorable termination can be found to exist.  
Swick
, 169 Ill. 2d at 514, 662 N.E.2d at 1243.

It is plaintiff's burden to demonstrate that a favorable termination occurred. See Restatement (Second) of Torts § 672 (1977).  In 
Swick
, plaintiff was required to establish that the 
nolle prosequi
 was entered for reasons consistent with his innocence in order to  meet his burden.   
Swick
, 169 Ill. 2d at 513, 662 N.E.2d at 1242.   However, the record did not reflect the reason for the entry of the 
nolle prosequi
 and the court therefore found that Swick failed to meet his burden. The "bare use of the 
nolle prosequi
 order, which did not state its reason for its entry, did not establish that the criminal proceedings were terminated in a manner consistent with Swick's innocence."  
Swick
, 169 Ill. 2d at 514, 662 N.E.2d at 1243.

Notwithstanding the fact that Swick failed to meet his burden, the 
court nevertheless remanded the case to the trial court.  Given that this was an issue of first impression, the court allowed Swick the opportunity to provide evidence of the reasons for the entry of the 
nolle prosequi
.  
Swick
, 169 Ill. 2d at 515, 662 N.E.2d at 1244.  

In 
Cult Awareness Network v. Church of Scientology International
, 177 Ill. 2d 267, 685 N.E.2d 1347 (1997), our supreme court considered whether the termination of a civil suit by dismissal (voluntary or involuntary) or by summary judgment could be considered a favorable termination as required to bring a cause of action for malicious prosecution. 

In considering this question, the court announced similar guidelines for malicious prosecution suits predicated on prior civil proceedings as it did for prior criminal proceedings in 
Swick
.  
Cult Awareness
, 177 Ill. 2d at 279, 685 N.E.2d. at 1347.   Similar to 
Swick
, the court in 
Cult Awareness
 adopted the Restatement approach, which provides that whether or not the favorable termination requirement has been met is determined "not by the 
form 
or 
title
 given to the disposition of the prior proceeding, but by the 
circumstances
 under which that disposition is obtained." (Emphasis in original.) 
Cult Awareness
, 177 Ill. 2d at 276, 685 N.E.2d. at 1347 citing Restatement (Second) of Torts § 674, Comment 
j 
(1977). 

Having adopted this approach, the court found that the plaintiff's complaint, which alleged that each of the underlying actions was terminated in its favor by the entry of summary judgment or by dismissal, satisfied the "favorable termination" requirement for purposes of defendant's motion to dismiss.    Our supreme court ruled that the trial court erred when it found that plaintiff had failed to sufficiently allege the favorable termination of the underlying actions.  
Cult Awareness
, 177 Ill. 2d at 280, 685 N.E.2d. at 1347.

Here, plaintiff relies on 
Velez v. Avis Rent A Car System, Inc
., 308 Ill. App. 3d 923, 721 N.E.2d 652 (1999), in an attempt to demonstrate that the statute of limitations did not begin to run until the date on which the time to reinstate the charges expired.  

 In 
Velez
, Avis filed a criminal complaint against the plaintiff for criminal damage to property which was subsequently stricken with leave to reinstate.  Thereafter, Avis refiled the complaint.  Velez demanded a speedy trial.  However, Avis did not proceed to trial and the case was ultimately stricken with leave to reinstate.  
Velez
, 308 Ill. App. 3d at 924-25, 721 N.E.2d at 653.  

Velez then filed an action seeking recovery for malicious prosecution based on the criminal charges filed against him by Avis.  Avis sought to dismiss the action on the ground that Velez had failed to allege a "favorable termination" of the prior criminal proceedings, an essential element of the claim of malicious prosecution.  The trial court denied the motion but certified the question for interlocutory appeal of whether the facts of the case amounted to a finding of a favorable termination for Velez.  This court granted Avis's request for interlocutory appeal.  
Velez
, 308 Ill. App. 3d at 924-25, 721 N.E.2d at 653.

Relying on the holdings in 
Swick 
and 
Cult Awareness
, the 
Velez
 court considered the circumstances and nature of the proceedings surrounding the SOL in Velez's case to determine whether the disposition was a "favorable termination."  Specifically the court looked at whether the SOL could be considered a disposition indicating a lack of probable cause to bring the earlier charges.  
Velez
, 308 Ill. App. 3d at 928, 
721 N.E.2d at 655-56.  If so, then the SOL would constitute a "favorable termination" for purposes of asserting a malicious prosecution claim.  
Velez
, 308 Ill. App. 3d at 928,
 721 N.E.2d at 655.               

Utilizing the above guidelines, the 
Velez
 court held that the prior criminal proceedings instituted against Velez were favorably terminated.  The court reasoned that because the plaintiff's complaint alleged that the criminal charges against him had twice been stricken on leave to reinstate and that prosecution of those charges had been barred by the statute of limitations and the speedy trial statute, a  "favorable  termination" resulted which allowed plaintiff to proceed on his malicious prosecution claim.  
Velez
, 308 Ill. App. 3d at 928-29, 721 N.E.2d at 656

In the case at bar, we must first determine if or when a "favorable termination" occurred before we can determine when the statute of limitations accrued.  In doing so, we are required to look at the circumstances surrounding the disposition of Ferguson's underlying criminal case.  
Swick
, 169 Ill. 2d at 514, 662 N.E.2d at 1243; 
Cult Awareness
, 177 Ill. 2d at 276, 685 N.E.2d at 1347, citing Restatement (Second) of Torts § 674, Comment 
j 
(1977).  

Ferguson's complaint alleges that "[p]laintiff was required to appear in court nine times before the prosecutor concluded that the police were lying and requested the court to 'SOL' the case" (
i.e
., the police lacked probable cause to arrest Ferguson).  
We are required to take these allegations as true.  
Skinner v. Reed-Prentice Division Package Machinery Co.,
 70 Ill. 2d 1, 14, 374 N.E.2d 437, 442 (1977), 
cert. denied
, 436 U.S. 946, 56 L. Ed.2d 787, 98 S.Ct. 2849 (1978).  Given the holdings in 
Swick, Cult Awareness
, and 
Velez
, we find that Ferguson's allegations are sufficient to amount to a "favorable termination" which would support a malicious prosecution claim.

By alleging that the underlying criminal charge was SOL on August 25, 2000, because "the police were lying" (
i.e
. the SOL amounted to a "favorable termination"), Ferguson essentially defeated his own claim.   The statute of limitations for a malicious prosecution claim accrues when the underlying criminal proceedings have terminated in a defendant's favor.  
Stanger,
 97 Ill. App. 3d at 587, 422 N.E.2d at 1144; 
Ghosh, 
208 Ill. App. 3d at 33, 566 N.E.2d at 875.  Because a "favorable termination" was entered on August 25, 2000, the statute of limitations for Ferguson's malicious prosecution claim necessarily accrued on the same date.  In order for Ferguson's action against the city to be timely, he was required to file within one year of August 25, 2000.  745 ILCS 10/8-101 (West 2000).  Ferguson did not file the action in question here until January 29, 2002, well beyond the one-year date.  Therefore, it was subject to dismissal pursuant to section 2-619 because it was not commenced within the time limited by law.  735 ILCS 5/2-619(a)(5) (West 2000). 

Based on the foregoing, the judgment of the trial court is affirmed. 

Affirmed. 

KARNEZIS, J., with THEIS, P.J., and GREIMAN, J., concurring.