Docket No. 97218–Agenda 5–November 2004.

PIERRE FERGUSON, Appellant, v. THE CITY OF CHICAGO, Appellee.

Opinion filed November 18, 2004.

JUSTICE RARICK delivered the opinion of the court:

Plaintiff, Pierre Ferguson, brought an action in the circuit court of Cook County to recover damages from defendant, the City of Chicago (the City), for malicious prosecution. The City moved to dismiss Ferguson’s action, arguing, 
inter alia
, that it was barred by the one-year limitations period set forth in the Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/8–101 (West 2000)). The circuit court found the City’s limitations defense to be meritorious and dismissed Ferguson’s complaint pursuant to section 2–619(a)(5) of the Code of Civil Procedure (735 ILCS 5/2–619(a)(5) (West 2000)). The circuit court’s judgment was affirmed by the appellate court. 343 Ill. App. 3d 60. We subsequently granted Ferguson’s petition for leave to appeal. 177 Ill. 2d R. 315. For the reasons that follow, we now reverse and remand to the circuit court for further proceedings.

Because this matter comes before us in the context of a dismissal under section 2–619 of the Code of Civil Procedure, we must accept as true all well-pleaded facts in the plaintiff’s complaint and all inferences that may reasonably be drawn in the plaintiff’s favor. 
Feltmeier v. Feltmeier
, 207 Ill. 2d 263, 277 (2003). Pursuant to this standard, and based on the allegations in Ferguson’s complaint, the facts of this case are as follows.

Ferguson is a resident of the City of Chicago. On July 31, 1999, he looked out the window of his home and saw an ambulance being driven the wrong way down a one-way street and strike another vehicle. When Chicago police officers arrived at the scene to investigate the collision, Ferguson approached them to report what he had witnessed. The officers refused to speak with Ferguson and ordered him to return to his property. Ferguson complied.

The driver of the ambulance denied, falsely, that he had been negligent. When it appeared to Ferguson that the investigating officers were going to accept the ambulance driver’s version of what had taken place, Ferguson told the officers that neither the ambulance’s emergency lights nor its sirens had been activated.

The officers responded to Ferguson’s statements by walking into his yard and placing him under arrest. According to Ferguson’s complaint, the police subsequently misled the prosecutors assigned to the case by claiming that Ferguson had been arrested because he was swearing at them in a loud voice and refused to stop. The officers also gave false statements that Ferguson had resisted arrest and struck one of the officers in the chest.

Ferguson was charged with three misdemeanor offenses. He retained counsel to represent him. After Ferguson had appeared in court nine times, the assistant State’s Attorney who was prosecuting the case concluded that the arresting officers had lied. The assistant State’s Attorney therefore requested that the charges be “stricken with leave to reinstate,”or SOL’d.

The court granted the State’s request and SOL’d the charges on August 25, 2000. Ferguson’s lawyer immediately filed a written demand for a trial. Pursuant to section 103–5(b) of the Code of Criminal Procedure of 1963 (725 ILCS 5/103–5(b) (West 2000)), Ferguson was entitled to be tried within 160 days from the date of that demand. The 160-day speedy-trial period subsequently elapsed on February 1, 2001, without any further action by the State or the court. The prosecutor never sought leave to reinstate the charges and no trial was ever conducted.

On January 29, 2002, Ferguson filed a one-count complaint for malicious prosecution against the City based on the foregoing events. The City made a timely motion to dismiss the complaint pursuant to sections 2–615 and 2–619 of the Code of Civil Procedure (735 ILCS 5/2–615, 2–619 (West 2000)). Three arguments were advanced by the City in support of its motion: (1) Ferguson’s cause of action was time-barred under the applicable statute of limitations; (2) another action was pending between the same parties for the same cause in the United States District Court for the Northern District of Illinois; and (3) the complaint failed to state a cause of action because it did not allege sufficient facts to establish certain elements necessary to prevail on a claim of malicious prosecution.

Following a hearing, the circuit court agreed with the City’s contention that Ferguson’s cause of action was untimely. It therefore dismissed the cause of action pursuant to section 2–619(a)(5) of the Code of Civil Procedure (735 ILCS 5/2–619(a)(5) (West 2000)). The court did not rule on the City’s claim that Ferguson failed to state a cause of action, nor did it reach the question of whether Ferguson’s complaint should be dismissed based on the pendency of his other lawsuit in federal court.

The appellate court affirmed. Ferguson sought and obtained leave to appeal to our court, and the matter is now before us for review. On this appeal, the State does not argue that dismissal of Ferguson’s cause of action should be sustained on the grounds that his complaint fails to state a cause of action or because it is the subject of another pending action between the same parties. The sole question we are asked to consider is whether plaintiff’s cause of action is barred by the applicable statute of limitations.

In determining whether a cause of action is untimely, we are not bound by the conclusions of either the circuit or the appellate court. Whether a cause of action was properly dismissed under section 2–619(a)(5) of the Code of Civil Procedure based on the statute of limitations is a matter we review 
de novo
. See 
Alicea v. Snyder
, 321 Ill. App. 3d 248, 252 (2001).

As indicated earlier in this opinion, Ferguson’s complaint asserts a civil action for damages against the City of Chicago. Because the City is a local public entity, and because Ferguson seeks to hold it liable in tort for injuries he sustained, Ferguson’s action is subject to section 8–101 of the Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/8–101 (West 2000)). Section 8–101 of the Act provides that a civil action sounding in tort asserted against a local entity or any of its employees must be “commenced within one year from the date that the injury was received or the cause of action accrued.” 745 ILCS 10/8–101 (West 2000).

A cause of action for malicious prosecution does not accrue until the criminal proceeding on which it is based has been terminated in the plaintiff’s favor. See 
Stanger v. Felix
, 97 Ill. App. 3d 585, 586-87 (1981). The point of contention in this case is when the criminal proceedings against Ferguson should be deemed to have been terminated. The City’s position, with which the circuit and appellate courts both agreed, is that the proceedings terminated on August 25, 2000, when the circuit court entered its order striking the criminal charges with leave to reinstate. Ferguson, however, argues that striking a charge with leave to reinstate is not a final disposition of the criminal proceedings. He contends that the proceedings remained pending and that the State remained free to reinstate the charges until the statutory speedy-trial period expired. Accordingly, he asserts that expiration of the speedy-trial period, not striking of the charges, is the operative event for assessing the timeliness of his malicious prosecution action. After careful consideration, we find Ferguson’s argument to be meritorious.

An order striking a case with leave to reinstate, while not provided for by any rule or statute, is common practice in the circuit court of Cook County. It is used almost exclusively in criminal cases. See
 People ex rel. De Vos v. Laurin
, 73 Ill. App. 3d 219, 222 (1979). Where a case is stricken with leave to reinstate, the matter remains undisposed of. The same charges continue to lie against the accused, albeit in a dormant state. See 
People v. Daniels
, 190 Ill. App. 3d 224, 226 (1989). The matter may still be placed on the docket and brought to trial if there is a subsequent motion to reinstate. 
People v. St. John
, 369 Ill. 177, 178 (1938). Accordingly, the courts of Illinois have consistently recognized that the striking of charges with leave to reinstate does not terminate the proceedings against the accused. 
People v. Bryant
, 409 Ill. 467, 470 (1951); see 
Khan v. American Airlines
, 266 Ill. App. 3d 726, 732 (1994); 
People v. Rodgers
, 106 Ill. App. 3d 741, 745 (1982); 
People v. Griffin
, 58 Ill. App. 3d 644, 646 (1978). Indeed, our court has expressly held that an SOL order excludes the conclusion that the case is at an end. 
People v. St. John
, 369 Ill. at 178.

Because an SOL order does not finally dispose of criminal proceedings, the circuit court’s order of August 25, 2000, striking the criminal charges against Ferguson with leave to reinstate did not result in a termination, favorable or otherwise, of the criminal case against him. The criminal charges remained pending. It necessarily follows that Ferguson’s malicious prosecution claim had yet to accrue. Entry of the August 25 order therefore did not trigger commencement of the limitations period on that claim. As a result, the circuit and appellate courts erred in holding that Ferguson’s action was time-barred because it was not filed within one year of the August 25 order.

In urging us to uphold the circuit court’s and appellate court’s judgments, the City relies on our decisions in
 Swick v. Liautaud
, 169 Ill. 2d 504 (1996), and 
Cult Awareness Network v. Church of Scientology International
, 177 Ill. 2d 267 (1997). Neither of those decisions, however, raised the question of how soon a plaintiff was required to bring suit for malicious prosecution where, as here, the underlying criminal charges were stricken with leave to reinstate.

In 
Swick
, the underlying criminal charges were not stricken with leave to reinstate. They were nol-prossed. The two procedures are qualitatively different. A 
nolle prosequi
 is a formal entry of record whereby the prosecuting attorney declares that he is unwilling to prosecute a case. 
People v. Daniels
, 187 Ill. 2d 301, 312 (1999). In contrast to an SOL order, which leaves the criminal proceedings pending, a
 nolle prosequi
 order terminates the charge and requires the institution of a new and separate proceeding to prosecute the defendant. See 
People v. Sanders
, 86 Ill. App. 3d 457, 469 (1980).

The difference in the nature of the two procedures has practical consequences. Because a case which has been SOL’d remains pending, the statute of limitations for filing the underlying criminal charges is tolled (see 
People v. East-West University, Inc.
, 265 Ill. App. 3d 557, 562 (1994)), while the statutory speedy-trial period continues to run as long as the defendant demands trial (see 
People v. East-West University, Inc.
, 265 Ill. App. 3d at 567). Where the case has been nol-prossed, the converse is true. Because nol-prossing terminates the case and returns the matter to the same conditions which existed before the prosecution commenced (see 
Swick v. Liautaud
, 169 Ill. 2d at 512-13), it does not toll the statute of limitations. As a general rule, however, it does toll the running of the statutory speedy-trial period. See 
People v. Hillsman
, 329 Ill. App. 3d 1110, 1117 (2002).

Because the charges in 
Swick
 were nol-prossed, there was no dispute that the criminal proceeding had been terminated. The real question in that case was whether the termination was favorable to the plaintiff, thereby satisfying an essential element for a malicious prosecution claim. We held that the bare fact that a case has been nol-prossed is not sufficient to establish that the case was terminated favorably for the plaintiff. Rather, the plaintiff must show that the prosecutor abandoned the case for reasons indicative of the plaintiff’s innocence. 
Swick
, 169 Ill. 2d at 513.

That problem is not presented by the matter under consideration today. No one disputes that the circuit court’s decision to SOL the charges against Ferguson represented a favorable outcome for him. The point is that, favorable or not, the decision did not have the effect of terminating the case. Accordingly, whatever uncertainty may arise regarding the finality of criminal proceedings when charges are nol-prossed is not present here. The charges in this case were SOL’d. Under settled Illinois case law, charges stricken with leave remain pending. Nothing in 
Swick
 alters that conclusion.

Cult Awareness Network v. Church of Scientology International
, 177 Ill. 2d 267 (1997), is distinguishable for similar reasons. It did not involve applicability of the statutory limitations period where criminal charges had been SOL’d. It did not involve the SOL procedure. Moreover, in contrast to 
Swick
, it did not even involve criminal charges. The action arose from a series of civil actions which defendants had filed against the plaintiff in various jurisdictions around the United States. After all the actions had concluded, plaintiff sued defendants, alleging that defendants had conspired with each other to carry out a campaign of malicious prosecution for the express purpose of causing plaintiff’s bankruptcy and eventual disbandment.

The circuit court granted the defendants’ motion to dismiss. The appellate court affirmed. The matter then came before us for review. The primary issue was whether plaintiff’s complaint had alleged sufficient facts to support a cause of action for conspiracy. Resolution of that issue, in turn, depended on whether plaintiff had alleged sufficient facts to satisfy two of the elements of malicious prosecution, special injury and favorable termination of the underlying suits. 
Cult Awareness Network
, 177 Ill. 2d at 272.

Special injury is not at issue in the present case. As for the question of favorable termination, the situation in 
Cult Awareness Network
 was similar to 
Swick
, in that there was no question that the underlying litigation had been terminated. The dispute concerned whether the termination had been favorable to the plaintiffs who now sought recovery based on the theory of malicious prosecution. In resolving that dispute, we adopted the view that, for purposes of a malicious prosecution action, whether disposition of the underlying matter constitutes a termination that is favorable to the plaintiff turns upon the circumstances under which the disposition was obtained. 
Cult Awareness Network
, 177 Ill. 2d at 277-80.

That principle remains good law. As with our decision in 
Swick
, however, it is simply not relevant to this case.
 Cult Awareness Network 
provides the standard for assessing whether a prior disposition was favorable. It does not speak to the threshold question of whether the disposition marked termination of the prior proceedings. As with 
Swick
, it therefore does not alter our conclusion the circuit court’s SOL order did not terminate the criminal proceedings against Ferguson. Those proceedings remained pending even after the SOL order was entered. Accordingly, that order could not have triggered the statutory limitations period governing Ferguson’s malicious prosecution claim.

The criminal proceedings against Ferguson did not terminate, and Ferguson’s malicious prosecution claim did not accrue, until such time as the State was precluded from seeking reinstatement of the charges. That period was marked by the expiration of the statutory speedy-trial period. As noted at the outset of this opinion, Ferguson’s lawyer made a speedy-trial demand immediately after the charges were SOL’d on August 25, 2000. The State had 160 days from that time to bring him to trial. The 160-day period ended February 1, 2001, with no further action having been taken by the State or the court. It was then, and not before, that the underlying criminal proceedings against Ferguson must therefore be deemed to have terminated. See 
Velez v. Avis Rent A Car System, Inc.
, 308 Ill. App. 3d 923, 929 (1999); 
Rich v. Baldwin
, 133 Ill. App. 3d 712, 717-19 (1985). Correspondingly, it was then, and not before, that Ferguson’s cause of action for malicious prosecution accrued.

Under the limitations period set forth in section 8–101 of the Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/8–101 (West 2000)), Ferguson had one year from February 1, 2001, to file his malicious prosecution claim against the City. The record shows his complaint was filed January 29, 2002, within the one-year limitations period. Ferguson’s cause of action was therefore timely and should not have been dismissed under section 2–619(a)(5) of the Code of Civil Procedure (735 ILCS 5/2–619(a)(5) (West 2000)).

For the foregoing reasons, the judgments of the appellate and circuit courts are reversed, and the cause is remanded to the circuit court for further proceedings consistent with this opinion.

Reversed and remanded
.