# Illinois Official Reports

## Appellate Court

---

### *Valerio v. Moore Landscapes, LLC*, 2020 IL App (1st) 190185

---

| | |
|---|---|
| Appellate Court Caption | SAMUEL VALERIO, JOSE PAZ, RUBEN GARCIA, BARDOMIANO PAZ, EVARISTO VALERIO, LUIS MONDRAGON, SERGIO APARICIO, RAUL BERMUDEZ, RODRIGO VALERIO, JAVIER MORA, MARCOS HUERTA, and JAIME MORA, Plaintiffs-Appellants, v. MOORE LANDSCAPES, LLC, Defendant-Appellee. |
| District & No. | First District, Fourth Division<br>No. 1-19-0185 |
| Filed<br>Rehearing denied | March 26, 2020<br>April 22, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 18-L-9656; the Hon. Margaret Ann Brennan, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Robert Habib and Brunell Donald-Kyei, both of Chicago, for appellants.<br><br>Peter J. Gillespie and Brian K. Jackson, of Laner Muchin, Ltd., of Chicago, for appellee. |

Panel            JUSTICE LAMPKIN delivered the judgment of the court, with opinion.
Presiding Justice Gordon and Justice Burke concurred in the judgment and opinion.

## OPINION

¶ 1        Plaintiffs, 12 landscape laborers, filed suit against defendant, Moore Landscapes, LLC, for failing to pay them the prevailing wage for the tree planting work they performed for defendant pursuant to its contracts with the Chicago Park District. The trial court dismissed plaintiffs' complaint, ruling that they did not have a right of action under section 11 of the Prevailing Wage Act (Wage Act) (820 ILCS 130/11 (West 2018)) because the contracts between defendant and the Chicago Park District failed to comply with the Wage Act's requirement to stipulate whether the project was subject to the provisions of the Wage Act.

¶ 2        On appeal, plaintiffs argue that the trial court erroneously dismissed their complaint because their work as landscape laborers was covered by the Wage Act and they are entitled to recover unpaid wages and punitive damages. Plaintiffs contend that the trial court failed to consider the strong public policy favoring laborers, workers, and mechanics receiving the prevailing wage for their work and erroneously ruled that defendant had discretion to pay plaintiffs less than the prevailing wage.

¶ 3        For the reasons that follow, we reverse the judgment of the circuit court.[1]

¶ 4                               I. BACKGROUND

¶ 5        In September 2018, plaintiffs filed a complaint against defendant, seeking unpaid wages, punitive damages, prejudgment interest on backpay, and reasonable attorney fees and costs for alleged violations of section 11 of the Wage Act. In their complaint, plaintiffs alleged that they were employed by defendant and worked as tree planters. They also alleged that defendant paid them an hourly rate of $18 instead of the prevailing wage of $41.20 for landscaping and related work, which defendant contractually agreed to perform for the Chicago Park District, a public body. Defendant's three contracts with the Chicago Park District were attached as exhibits to plaintiffs' complaint. Relevant to the issue on appeal, the three contracts contained the same prevailing wage rates provision, which stated:

> "Contractor shall pay all persons employed by Contractor, or its subcontractors, prevailing wages where applicable. As a condition of making payment to the Contractor, the Park District may request the Contractor to submit an affidavit to the effect that not less than the prevailing hourly wage rate is being paid to laborers employed on contracts in accordance with Illinois law."

¶ 6        Defendant filed a motion to dismiss under section 2-619.1 of the Code of Civil Procedure (Code) (725 ILCS 5/2-619.1 (West 2018)). First, defendant argued that the complaint should be dismissed under section 2-619(a)(9) of the Code (*id.* § 2-619(a)(9)) because the right of

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

action available to laborers, workers, and mechanics under section 11 of the Wage Act was limited and did not afford a remedy to plaintiffs since defendant's contracts with the Chicago Park District did not contain a stipulation to pay plaintiffs the laborers' prevailing wage rate of $41.20 per hour. Further, defendant asserted that it had been advised by the Chicago Park District that it did not need to pay prevailing wages for laborers like plaintiffs, who were performing tree replacements. Defendant also asserted the webpage of the Illinois Department of Labor (Department) indicated that some work associated with landscaping—like the replacement of trees due to the removal of diseased or irreparably damaged trees or trees that were a hazard—was not covered by the Wage Act. See *Prevailing Wage Landscaping FAQ*, Ill. Dep't of Labor, http://www2.illinois.gov/idol/FAQs/Pages/Landscaping.aspx (last visited Mar. 10, 2020) [https://perma.cc/R9B4-XFEV].

¶ 7 Second, defendant argued that the complaint should be dismissed under section 2-615 of the Code (725 ILCS 5/2-615 (West 2018)) because plaintiffs failed to allege facts sufficient to support a claim under the Wage Act. Defendant argued that plaintiffs failed to allege facts to support the inference that they were involved in the type of construction or hardscape work covered by the Wage Act and instead merely asserted conclusory allegations that they were entitled to a prevailing wage because they were employed as tree planters to perform work for a public body.

¶ 8 In their response, plaintiffs argued that (1) they had a clear right to sue defendant under both the contracts and the Wage Act, (2) the Department's webpage showed that tree planters like plaintiffs must be paid the laborer's prevailing wage except for certain exceptions that were not applicable in this case, and (3) plaintiffs' affidavits, which attested to the type of work they performed, established that they were entitled to the prevailing wage for their work. Nine plaintiffs' affidavits were attached as exhibits to this response. According to their affidavits, the plaintiffs' work often involved the original installation of trees; the planting of three to four times as many new trees, often in new unplanted areas, after a couple of diseased or damaged trees had been removed; and the hardscape work of placing stone, rock, and brick pavers for patios and outcroppings.

¶ 9 On January 25, 2019, the trial court granted defendant's motion to dismiss plaintiffs' complaint under section 2-619(a)(9) of the Code, ruling that plaintiffs could not pursue a claim under section 11 of the Wage Act because the contract language did not constitute a stipulated rate of payment.

¶ 10 Plaintiffs timely appealed.

## II. ANALYSIS

¶ 12 On appeal, plaintiffs argue that the trial court erroneously granted defendant's motion to dismiss their complaint because, accepting as true all the well-pleaded facts in their complaint and all inferences that may reasonably be drawn in their favor, they alleged sufficient facts to support their right of action under section 11 of the Wage Act for prevailing wages. Specifically, they alleged sufficient facts to show they were entitled to the prevailing wage because they were laborers engaged in the construction of public works and their affidavits established that the landscaping they performed included hardscape work like planting new trees in previously unplanted areas and the placement of pavers for patios and outcroppings. Plaintiffs also argue that the language of the contracts between defendant and the Chicago Park District required defendant to pay them the applicable prevailing wage.

¶ 13    Plaintiffs contend that the trial court, contrary to the clear legislative intent expressed in the plain language of the Wage Act, misconstrued section 11 of the Wage Act to require a contractor and a public body to stipulate in their contract that their project was subject to the provisions of the Wage Act as a prerequisite for laborers to have a right of action for prevailing wages and related damages under section 11. Plaintiffs argue that the trial court's erroneous interpretation of section 11 ignores the public policy in favor of laborers engaged in the construction of public works receiving the prevailing wage. Furthermore, the trial court's erroneous interpretation of section 11 rewards violations of the Wage Act's requirement that the contracts between public bodies and contractors must stipulate whether a project is subject to the provisions of the Wage Act by essentially giving contractors the discretion to pay laborers the prevailing wage.

¶ 14    Defendant argues the trial court properly concluded that plaintiffs' claims against defendant were barred under the provisions of the Wage Act because the contract between defendant and the Chicago Park District—which merely indicated that the prevailing wage would be paid "if applicable"—did not constitute a contractual stipulation to pay prevailing wages. According to defendant, section 11 of the Wage Act only allows employees to sue for the difference between the amount the employer actually stipulated in the contract would be paid and the amount that actually was paid. Defendant asserts that because the requisite stipulation was not included in the contract, plaintiffs must rely on the Department to enforce the provisions of the Wage Act and pursue any claim on plaintiffs' behalf.

¶ 15    This matter comes before us in the context of an involuntary dismissal of an action based on the defense specified under section 2-619(a)(9) of the Code that the claim is barred by other affirmative matter avoiding the legal effect of or defeating the claim. In reviewing the dismissal of an action under section 2-619 of the Code, we accept as true all well-pleaded facts in plaintiffs' complaint and all inferences that may reasonably be drawn in plaintiffs' favor. *Ferguson v. City of Chicago*, 213 Ill. 2d 94, 96 (2004). The trial court's order granting defendant's 2-619 motion to dismiss presents a question of law, which we review *de novo*. *Feitmeier v. Feitmeier*, 207 Ill. 2d 263, 267 (2003). Additionally, we review *de novo* the issue of statutory construction raised in this appeal regarding the Wage Act. *Id.*

¶ 16    "The primary rule of statutory interpretation is that a court should ascertain and give effect to the intention of the legislature." *Abrahamson v. Illinois Department of Professional Regulation*, 153 Ill. 2d 76, 91 (1992). The legislative intent should be sought primarily from the language used in the statute. *Certain Taxpayers v. Sheahen*, 45 Ill. 2d 75, 84 (1970). The statute should be evaluated as a whole; each provision should be construed in connection with every other section. *Miller v. Department of Registration & Education*, 75 Ill. 2d 76, 81 (1979). "Where the language of the act is certain and unambiguous the only legitimate function of the courts is to enforce the law as enacted by the legislature." *Sheahen*, 45 Ill. 2d at 84.

¶ 17    The stated policy of the Wage Act is that "laborers, workers and mechanics employed by or on behalf of any and all public bodies engaged in public works" shall be paid "a wage of no less than the general prevailing hourly rate as paid for work of a similar character in the locality in which the work is performed." 820 ILCS 130/1 (West 2018). To help aid with compliance, the Department provides a county by county list of the prevailing wages for various trades, including laborers. See *Historical Prevailing Wage Rates*, Ill. Dep't of Labor, https://www2. illinois.gov/idol/Laws-Rules/CONMED/Pages/rates.aspx (last visited Mar. 10, 2020) [https:// perma.cc/8QVF-PTAR]. The law defines *public works* as "all fixed works constructed or

demolished by any public body, or paid for wholly or in part out of public funds" and includes "all projects financed in whole or in part with bonds, grants, loans, or other funds made available by or through the State or any of its political subdivisions." 820 ILCS 130/2 (West 2018). The law defines *construction* as "all work on public works involving laborers, workers or mechanics. This includes any maintenance, repair, assembly, or disassembly work performed on equipment whether owned, leased, or rented." *Id.*

¶ 18    The public body awarding a contract for public work or the Department "shall ascertain the general prevailing rate of hourly wages in the locality in which the work is to be performed." *Id.* § 4(a). The public body must also cause to be included "in the project specifications and the contract a stipulation to the effect that not less than the prevailing rate of wages as found by the public body or Department or determined by the court on review shall be paid to all laborers, workers and mechanics performing work under the contract." *Id.* § 4(a-1).

¶ 19    According to the Department, a public body does not comply with section 4(a-1) of the Wage Act

> "by providing a general statement to the effect that the contractor must comply with all applicable laws or stating that the project is subject to the [Wage] Act if applicable. The statement required by the Public Body under the [Wage] Act must be a statement that states specifically the project is or is not subject to the provisions of the [Wage] Act." *Prevailing Wage Public Body FAQ*, Ill. Dep't of Labor, https://www2.illinois. gov/idol/FAQs/Pages/public-body-faq.aspx (last visited Mar. 10, 2020) [https://perma. cc/F6X3-E2AY].

The Department even provides sample language public bodies may wish to use in their contracts to comply with the section 4(a-1) stipulation requirement. The sample states, in pertinent part:

> "This contract calls for the construction of a 'public work,' within the meaning of the [Wage] Act [citation]. The [Wage] Act requires contractors and subcontractors to pay laborers, workers and mechanics performing services on public works projects no less than the current 'prevailing rate of wages' (hourly cash wages plus amount for fringe benefits) in the county where the work is performed." Ill. Dep't of Labor, Public Body Sample Language, https://www2.illinois.gov/idol/Laws-Rules/CONMED/Documents/ contract.pdf (last visited Mar. 10, 2020) [https://perma.cc/DR4V-LD5P].

¶ 20    The contractor to whom the contract is awarded must insert into each subcontract and the project specifications "a written stipulation to the effect that not less than the prevailing rate of wages shall be paid to all laborers, workers, and mechanics performing work under the contract." 820 ILCS 130/4(b) (West 2018). "When a contractor has awarded work to a subcontractor without a contract or contract specification, the contractor shall comply with subsection (b) by providing a subcontractor with a written statement indicating that not less than the prevailing rate of wages shall be paid to all laborers, workers, and mechanics performing work on the project." *Id.* § 4(b-1).

¶ 21    The Wage Act also specifies the manner in which its provisions are to be enforced. In addition to criminal prosecution and suits by the state for injunctive relief (*id.* § 6), the Wage Act also creates a right of action for "[a]ny laborer, worker or mechanic employed by the contractor *** who is paid for his services in a sum less than the stipulated rates for work done under such contract" (*id.* § 11). This right of action is "for whatever difference there may be

between the amount so paid, and the rates provided by the contract together with costs and such reasonable attorney's fees as shall be allowed by the court." *Id.* "The Department shall also have a right of action on behalf of any individual who has a right of action under this Section." *Id.*

¶ 22     Applying the principles of statutory construction to the present case, we conclude based on the unambiguous language of the statute that the trial court's interpretation of section 11 of the Wage Act cannot stand. If the project at issue in this appeal was covered by the Wage Act, then the contract between the Chicago Park District and defendant, which stated merely that defendant would pay all employees "prevailing wages where applicable," failed to comply with sections 4(a-1) and 4(b) of the Wage Act. However, any failure by the Chicago Park District and defendant to include in their contract a proper stipulation pursuant to sections 4(a-1) and 4(b) regarding whether the project was or was not subject to the provisions of the Wage Act has no effect on plaintiffs' right of action for prevailing wages under section 11 of the Wage Act. The trial court's interpretation of section 11, contrary to the plain language of the statute and clear legislative intent, improperly places a limitation on the right of action of any laborer, worker, or mechanic who has been denied a prevailing wage on a public works project covered by the Wage Act.

¶ 23     Therefore, we hold that the trial court erred in dismissing plaintiffs' complaint under section 2-619(a)(9) of the Code as barred under the provisions of section 11 of the Wage Act.

¶ 24     We also conclude that dismissal of plaintiff's complaint would not have been appropriate under section 2-615 of the Code. A section 2-615 motion attacks the legal sufficiency of the complaint by alleging defects on the face of the complaint (*Van Horne v. Muller*, 185 Ill. 2d 299, 305 (1998)), and we review *de novo* an order granting or denying a section 2-615 motion (*Wakulich v. Mraz*, 203 Ill. 2d 223, 228 (2003)). Because a section 2-615 motion is based on the pleadings rather than the underlying facts, the court may not consider affidavits, products of discovery, documentary evidence not incorporated into the pleadings as exhibits, testimonial evidence, or other evidentiary materials. *Barber-Colman Co. v. A&K Midwest Insulation Co.*, 236 Ill. App. 3d 1065, 1068 (1992). In reviewing the sufficiency of a complaint, we accept as true all well-pleaded facts and all reasonable inferences that may be drawn from those facts (*Ferguson*, 213 Ill. 2d at 96-97) and construe the allegations in the complaint in the light most favorable to the plaintiff (*King v. First Capital Financial Services Corp.*, 215 Ill. 2d 1, 11-12 (2005)). Thus, a cause of action should not be dismissed pursuant to section 2-615 unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recovery. *Canel v. Topinka*, 212 Ill. 2d 311, 318 (2004). Illinois is a fact-pleading jurisdiction. *Weiss v. Waterhouse Securities, Inc.*, 208 Ill. 2d 439, 451 (2004). "While the plaintiff is not required to set forth evidence in the complaint [citation], the plaintiff must allege facts sufficient to bring a claim within a legally recognized cause of action [citation], not simply conclusions." *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429-30 (2006).

¶ 25     Work performed by laborers in connection with landscape work may be covered under the Wage Act depending upon the nature of the work. Here, the parties do not dispute that the Chicago Park District was a public body and the contracted work was a public works project. Plaintiffs' allegations in their complaint—that they were employed by defendant and worked planting trees and performing landscaping and related work for the Chicago Park District— was sufficient to survive defendant's 2-615 motion to dismiss.

## III. CONCLUSION

For the foregoing reasons, we reverse the judgment of the circuit court that granted defendant's motion to dismiss plaintiffs' complaint and remand this cause for further proceedings.

Reversed and remanded.