**2021 IL 126139**

# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

_____

(Docket No. 126139)

SAMUEL VALERIO *et al.*, Appellees, v. MOORE LANDSCAPES, LLC, Appellant.

*Opinion filed May 20, 2021.*

JUSTICE OVERSTREET delivered the judgment of the court, with opinion.

Chief Justice Anne M. Burke and Justices Garman, Theis, Neville, Michael J. Burke, and Carter concurred in the judgment and opinion.

**OPINION**

¶ 1     Plaintiffs Samuel Valerio, Jose Paz, Ruben Garcia, Bardomiano Paz, Evaristo Valerio, Luis Mondragon, Sergio Aparicio, Raul Bermudez, Rodrigo Valerio, Javier Mora, Marcos Huerta, and Jaime Mora filed an action against defendant, Moore Landscapes, LLC, seeking backpay, statutory punitive damages, prejudgment interest, costs, and attorney fees pursuant to section 11 of the Illinois Prevailing Wage Act (Act) (820 ILCS 130/11 (West 2018)). Plaintiffs alleged that

defendant violated section 11 of the Act (*id.*) by failing to pay them the prevailing rate of wages pursuant to its contract with the Chicago Park District. The Cook County circuit court dismissed plaintiffs' complaint, and on appeal, the appellate court reversed the circuit court's dismissal order. We allowed defendant's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Oct. 1, 2019).

¶ 2        At issue in this case is whether section 11 (820 ILCS 130/11 (West 2018)) affords laborers a right of action for backpay, penalties, statutory punitive damages, costs, and attorney fees against a contractor where the laborers were not paid a prevailing wage rate even though they were employed upon public works pursuant to contracts executed between a public body and their employer-contractor and the contracts provided that the contractor "shall pay all persons employed by [it] prevailing wages where applicable." For the following reasons, we reverse the judgment of the appellate court and affirm the judgment of the circuit court.

¶ 3                                I. BACKGROUND

¶ 4                                A. Circuit Court

¶ 5        On September 6, 2018, plaintiffs, 12 tree planters who allegedly worked for defendant pursuant to contracts that defendant executed with the Chicago Park District, filed a complaint against defendant seeking unpaid wages, in addition to statutory damages, prejudgment interest on backpay, and reasonable attorney fees and costs, pursuant to section 11 (*id.*). In the 12-count complaint, plaintiffs included allegations virtually indistinguishable from each other, except for the dates when each plaintiff worked for defendant, and they alleged that defendant improperly paid them an hourly rate of $18 instead of the prevailing hourly wage rate of $41.20.

¶ 6        In the complaint, plaintiffs alleged that defendant and the Chicago Park District executed three contracts encompassing plaintiffs' landscaping and related work: the first contract effective from 2012 until March 2015, the second effective from April 2015 until February 2018, and the third effective as of February 21, 2018. Plaintiffs alleged that each contract required defendant to pay its employees the prevailing wage rate. Specifically, the contracts, attached to plaintiffs' complaint, provided as follows:

"Prevailing Wage Rates

Contractor shall pay all persons employed by [c]ontractor, or its subcontractors, prevailing wages where applicable. As a condition of making payment to the [c]ontractor, the [Chicago] Park District may request the [c]ontractor to submit an affidavit to the effect that not less than the prevailing hourly wage rate is being paid to laborers employed on contracts in accordance with Illinois law."

Plaintiffs also attached to their complaint a listing of Cook County prevailing wage rates, effective September 1, 2017, which indicated that a laborer's base prevailing wage rate equaled $41.20 per hour.

¶ 7        On November 9, 2018, defendant filed a motion to dismiss plaintiffs' complaint pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2018) (motion challenging legal sufficiency of a complaint pursuant to section 2-615 (*id.* § 2-615) and motion asserting affirmative matter defeating complaint pursuant to section 2-619 (*id.* § 2-619) may be filed together as a single motion)). Defendant argued that, because the contracts did not contain a clear stipulation to pay plaintiffs the prevailing wage rate of $41.20 per hour, plaintiffs had no remedy available to them under the limited right of action contained in section 11 (820 ILCS 130/11 (West 2018)). Defendant contended that plaintiffs may only have asserted a damages claim under section 11 if defendant had expressly agreed to pay wages of a certain quantified rate, thereby "stipulat[ing]" to a rate of pay that it thereafter failed to pay.

¶ 8        Defendant also argued that plaintiffs' work was not covered by the Act or subject to a stipulation requiring defendant to pay plaintiffs at a prevailing wage rate. Defendant cited a Frequently Asked Questions (FAQ) document prepared by the Illinois Department of Labor (Department), clarifying that landscaping work that is not performed in conjunction with a project otherwise covered by the Act or that does not involve hardscape work, *i.e.*, work associated with building, making, forming, demolishing brick or concrete paths or walkways, fountains, or concrete or masonry planters or retaining walls, is outside the scope of the Act.

¶ 9        In their response, plaintiffs argued that defendant stipulated to prevailing wage rates pursuant to section 11 and that they had a clear right of action. Plaintiffs

asserted that the Department's webpage also revealed that landscape work may be covered work pursuant to the Act depending upon the nature of the work. Nine plaintiffs attached affidavits attesting that they planted new trees and completed hardscape work of placing stone, rock, and pavers for patios and outcroppings, which, pursuant to the Department's guidance, constituted work covered by the Act, entitling them to payment of prevailing wage rates for their work.

¶ 10    On January 25, 2019, the circuit court granted defendant's motion to dismiss, concluding that plaintiffs may not pursue a claim for damages pursuant to section 11 (*id.*) because the contracts contained no stipulation to pay the prevailing wage rate. Accordingly, the circuit court dismissed plaintiffs' complaint with prejudice pursuant to section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2018)).

¶ 11                              B. Appellate Court

¶ 12    Defendant appealed, and the Appellate Court, First District, reversed and remanded, finding that the circuit court erred in dismissing plaintiffs' complaint. 2020 IL App (1st) 190185, ¶¶ 23, 27. The appellate court agreed that the contracts between the Chicago Park District and defendant, which stated merely that defendant would pay all employees "prevailing wages where applicable," failed to comply with the notice provisions of section 4 of the Act (820 ILCS 130/4(a-1) (West 2018) (public body awarding contract shall insert in contract "a stipulation to the effect that not less than the prevailing rate of wages" as found by, *inter alia*, the Department "shall be paid to all laborers, workers and mechanics performing work under the contract") (now codified at 820 ILCS 130/4(e) (West 2018); see Pub. Act 100-1177, § 5 (eff. June 1, 2019)). 2020 IL App (1st) 190185, ¶ 22. The appellate court held, however, that any failure by the Chicago Park District and defendant to include in their contract a proper stipulation clearly stating whether the project was or was not subject to the provisions of the Act pursuant to section 4 of the Act had no effect on plaintiffs' right of action pursuant to section 11. *Id.* The appellate court concluded that the circuit court's interpretation of section 11 improperly limited the right of action of any laborer, worker, or mechanic who had been denied a prevailing wage rate for his work on a public works project covered by the Act. *Id.*

¶ 13    The appellate court also concluded that dismissal of plaintiffs' complaint would not have been appropriate under section 2-615 of the Code. *Id.* ¶ 24. The appellate court noted that the parties did not dispute that the Chicago Park District was a public body and that the contracted work was a public works project. *Id.* ¶ 25. The appellate court held that work performed by the plaintiffs, as laborers, in connection with landscape work may be covered under the Act depending upon the nature of the work. *Id.* The appellate court concluded that plaintiffs' allegations in their complaint—that they were employed by defendant and worked planting trees and performing landscaping and related work for the Chicago Park District—were sufficient to survive defendant's section 2-615 motion to dismiss. *Id.*

¶ 14    On September 30, 2020, this court allowed defendant's petition for leave to appeal (Ill. S. Ct. R. 315 (eff. Oct. 1, 2019)). This court also granted the Illinois Landscape Contractors Association (ILCA) and the Illinois Landscape Contractors Bargaining Association (ILCBA) leave to submit an *amicus curiae* brief in support of defendant's position (Ill. S. Ct. R. 345 (eff. Sept. 20, 2010)).

¶ 15                                    II. ANALYSIS

¶ 16    In the matter before us, the parties dispute whether the circuit court properly granted defendant's section 2-619(a)(9) motion to dismiss. Defendant argues that, because the Chicago Park District's contracts with defendant did not contain a clear stipulation requiring it to pay the prevailing wage rate to plaintiffs for covered work, the plain and unambiguous language of section 11 does not allow plaintiffs' right of action for section 11 damages, and therefore plaintiffs' complaint was properly dismissed. Defendant argues that the Act addresses two scenarios: one in which the public body included in the contract a sufficient stipulation requiring the contractor to pay the stipulated rate, which allows a section 11 right of action against the contractor for failing to pay the so-stipulated rate, and a second alternative in which the public body did not include proper notice or a sufficient stipulation in the contract, such that enforcement may be pursued against the contractor and the public body under section 4 of the Act (820 ILCS 130/4 (West 2018)), thereby requiring a determination regarding whether and at what rate the laborers should have been paid.

¶ 17 Likewise, the ILCA and the ILCBA argue that, if plaintiffs prevail in their right of action here, section 11 would render defendant unfairly liable for underpayments, interest, penalties, and fines determined to be due, even though the express language of the Act requires that the public body failing to include the statutorily required prevailing wage stipulation in the contract, not the contractor, pay any interest, fines, and penalties that would have been due from the contractor if the prevailing wage stipulation had been included in the contract.

¶ 18                                    A. Standard of Review

¶ 19 "The purpose of a section 2-619 motion to dismiss is to dispose of issues of law and easily proved issues of fact at the outset of litigation." *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367 (2003). Section 2-619(a)(9) of the Code permits involuntary dismissal where "the claim asserted against [the] defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2018). "The phrase 'affirmative matter' refers to a defense that negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint." *McIntosh v. Walgreens Boots Alliance, Inc.*, 2019 IL 123626, ¶ 16.

¶ 20 When a court rules on a section 2-619 motion to dismiss, it "must interpret all pleadings and supporting documents in the light most favorable to the nonmoving party." *In re Chicago Flood Litigation*, 176 Ill. 2d 179, 189 (1997). Thus, the court accepts as true all well-pleaded facts in the complaint and all inferences that may reasonably be drawn in plaintiffs' favor. *Ferguson v. City of Chicago*, 213 Ill. 2d 94, 96-97 (2004). The circuit court's order granting defendant's 2-619 motion to dismiss presents an issue of law, which we review *de novo*. *Van Meter*, 207 Ill. 2d at 368. Moreover, we review *de novo* the issues involving contract construction and statutory interpretation of the Act. *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 41 (review of issue of statutory interpretation is *de novo*); *Gallagher v. Lenart*, 226 Ill. 2d 208, 219 (2007) (construction of a contract presents a question of law, and the standard of review is *de novo*).

¶ 21                                    B. Illinois Prevailing Wage Act

¶ 22        To interpret the Act, we adhere to the familiar principles of statutory construction. "Our primary objective is to ascertain and give effect to the intent of the legislature." *Sandholm*, 2012 IL 111443, ¶ 41. "The most reliable indicator of the legislative intent is the language of the statute, which should be given its plain and ordinary meaning." *Id.* Moreover, "[a]ll provisions of a statute should be viewed as a whole." *Id.* "Words and phrases should not be viewed in isolation but should be considered in light of other relevant provisions of the statute." *In re Marriage of Goesel*, 2017 IL 122046, ¶ 13. "We *** presume, in interpreting the meaning of the statutory language, that the legislature did not intend absurdity, inconvenience, or injustice." *Sandholm*, 2012 IL 111443, ¶ 41.

¶ 23        "To determine the legislature's intent, the court may properly consider not just the statute's language, but also the purpose and necessity for the law, the evils sought to be remedied, and the goals to be achieved." *Crossroads Ford Truck Sales, Inc. v. Sterling Truck Corp.*, 2011 IL 111611, ¶ 45. The legislature's intent may be ascertained by considering the entire statute, its nature, its object, and the consequences of construing it one way or another. *J&J Ventures Gaming, LLC v. Wild, Inc.*, 2016 IL 119870, ¶ 25; *Crossroads Ford Truck Sales, Inc.*, 2011 IL 111611, ¶ 45.

¶ 24        The applicable version of the Act states as "the policy of the State of Illinois" that "laborers, workers and mechanics employed by or on behalf of any and all public bodies engaged in public works" shall be paid "a wage of no less than the general prevailing hourly rate as paid for work of a similar character in the locality in which the work is performed." 820 ILCS 130/1 (West 2018). Accordingly, section 3 of the Act requires the following:

        "Not less than the general prevailing rate of hourly wages for work of a similar character on public works in the locality in which the work is performed, and not less than the general prevailing rate of hourly wages for legal holiday and overtime work, shall be paid to all laborers, workers and mechanics employed by or on behalf of any public body engaged in the construction or demolition of public works. *** Only such laborers, workers and mechanics as are directly employed by contractors or subcontractors in actual construction work on the site of the building or construction job, and laborers, workers and mechanics

- 7 -

engaged in the transportation of materials and equipment to or from the site, *** in the execution of any contract or contracts for public works with any public body shall be deemed to be employed upon public works." *Id.* § 3.

The terms "general prevailing rate of hourly wages," "general prevailing rate of wages," or "prevailing rate of wages" mean the "hourly cash wages plus annualized fringe benefits for training and apprenticeship programs ***, health and welfare, insurance, vacations and pensions paid generally, in the locality in which the work is being performed, to employees engaged in work of a similar character on public works." *Id.* § 2.

¶ 25    The applicable version of the Act tasks the public body and the Department with the responsibility to ascertain prevailing wage rates. Section 4(a) of the Act requires "[t]he public body awarding any contract for public work or otherwise undertaking any public works" to "ascertain the general prevailing rate of hourly wages in the locality in which the work is to be performed, for each craft or type of worker or mechanic needed to execute the contract." *Id.* § 4(a) ("also the general prevailing rate for legal holiday and overtime work, as ascertained by the public body or by the Department of Labor shall be paid for each craft or type of worker needed to execute the contract"). However, if the public body desires the Department to ascertain the prevailing rate of wages, upon such notification, the Department "shall ascertain such general prevailing rate of wages, and certify the prevailing wage to such public body." *Id.*

¶ 26    Accordingly, section 9 of the Act requires each public body to "investigate and ascertain the prevailing rate of wages" and "publicly post or keep available for inspection" its determination of such prevailing rate of wage and promptly file a certified copy thereof with the Department. *Id.* § 9. In addition, section 9 requires the Department to "investigate and ascertain the prevailing rate of wages for each county in the State." *Id.* Thus, if a public body does not investigate and ascertain the prevailing rate of wages as required, then the prevailing rate of wages for that public body shall be the rate as determined by the Department for the county in which the public body is located. *Id.* To aid with compliance, the Department publishes on its official website a prevailing wage schedule for each county in the State based on the prevailing rate of wages investigated and ascertained by the Department. *Id.*; see also *Historical Prevailing Wage Rates*, Ill. Dep't of Labor,

https://www2.illinois.gov/idol/Laws-Rules/CONMED/Pages/rates.aspx (last visited Apr. 26, 2021) [https://perma.cc/C9BL-E4ZJ] (Department's county by county list of the prevailing wages for various trades, including laborers).

¶ 27 To effectuate the purpose and policy of the Act, section 4(a) further provides that, once the public body or Department specifies the general prevailing rate of wages, "it shall be mandatory upon the contractor to whom the contract is awarded *** to pay not less than the specified rates to all laborers, workers and mechanics employed by [it] in the execution of the contract or such work." 820 ILCS 130/4(a) (West 2018). Accordingly, pursuant to section 4(a-1) of the Act,

> "[t]he public body *** awarding the contract shall cause to be inserted in the *** contract a stipulation to the effect that not less than the prevailing rate of wages as found by the public body or Department *** or determined by the court on review shall be paid to all laborers, workers and mechanics performing work under the contract." *Id.* § 4(a-1).

¶ 28 In the case *sub judice*, plaintiffs seek to recover not only unpaid prevailing wages but also 2% punitive damages, prejudgment interest, and reasonable attorney fees and costs pursuant to section 11. *Id.* § 11. In addition to the Department's inquiry as to violations, its institution of actions for penalties, and its enforcement of the Act's provisions, along with the Attorney General's prosecution of cases upon complaint by the Department (*id.* § 6), section 11 provides:

> "Any laborer, worker or mechanic employed by the contractor or by any sub-contractor under him who is paid for his services in a sum less than the stipulated rates for work done under such contract, shall have a right of action for whatever difference there may be between the amount so paid, and the rates provided by the contract together with costs and such reasonable attorney's fees as shall be allowed by the court. Such contractor or subcontractor shall also be liable to the Department *** for 20% of such underpayments and shall be additionally liable to the laborer, worker or mechanic for punitive damages in the amount of 2% of the amount of any such penalty to the State for underpayments for each month following the date of payment during which such underpayments remain unpaid." *Id.* § 11.

"The Department shall also have a right of action on behalf of any individual who has a right of action under this Section." *Id.*

¶ 29    The plain language of section 11 thus allows a laborer "paid for his services in a sum less than the stipulated rates for work done under such contract" to file an action to recover the difference "between the amount so paid, and the rates provided by the contract" together with punitive damages, costs, and attorney fees. *Id.* The "stipulated rates" language in section 11 complements section 4(a-1)'s requirement that

"[t]he public body *** awarding the contract shall cause to be inserted in the *** contract a stipulation to the effect that not less than the prevailing rate of wages as found by the public body or Department of Labor or determined by the court on review shall be paid to all laborers, workers and mechanics performing work under the contract." *Id.* § 4(a-1).

¶ 30    In this case, the parties dispute whether the contracts' "Prevailing Wage Rates" clause encompassed "stipulated rates for work done under such contract" and "the rates provided by the contract" as required by section 11. Plaintiffs allege that the contracts' "Prevailing Wage Rates" clause is sufficient to "stipulate[ ] rates for work done under such contract" and to trigger their right to recovery of damages pursuant to section 11. Defendant counters that the contracts' "Prevailing Wage Rates" clause, which included conditional, "when applicable" language, is insufficient to constitute a "stipulated rate for work done under the contract" to trigger plaintiffs' right to recovery of damages pursuant to section 11. Defendant argues that the appellate court improperly determined that plaintiffs may assert a claim that requires the circuit court to determine whether prevailing wages were required and at what rate, even though the legislature expressly limited the section 11 right of action on "stipulated [pay] rates" that would require neither of these determinations.

¶ 31    We agree with defendant and conclude that, by including the conditional language "when applicable" in the contracts, the Chicago Park District and defendant did not clearly stipulate that defendant's payment of prevailing wage rates was applicable to plaintiffs' landscaping work. See Merriam-Webster's Collegiate Dictionary 1227 (11th ed. 2014) ("stipulate" means "to make an agreement" or "to specify as a condition or requirement"). Although the pleadings

- 10 -

reveal that the question of the Act's applicability to plaintiffs' landscape work may not have been a simple one to answer, "when [payment of the prevailing wage rate was] applicable" was the very question the Act required the parties to have clearly stipulated to in the contracts. Absent a clear stipulation, the Chicago Park District failed to specify to defendant that it was required to pay plaintiffs prevailing wage rates for their landscape work on the public works project. We therefore agree with the circuit court's holding that the "Prevailing Wage Rates" clause in the contracts did not amount to a sufficient "stipulat[ion] [of] rates" pursuant to section 11, which would have triggered plaintiffs' right of action against defendant for section 11 damages for failing to pay them the so-stipulated prevailing wage rates.

¶ 32    The Act's language as a whole further supports our conclusion. *Sandholm*, 2012 IL 111443, ¶ 41 ("[a]ll provisions of a statute should be viewed as a whole"). Here, the circuit court and the appellate court ostensibly agreed that the contracts' "Prevailing Wage Rate" clause constituted insufficient notice by the public body pursuant to section 4(a-1) of the Act. 2020 IL App (1st) 190185, ¶ 19, 22 (according to Department, public body does not comply with notice provisions of section 4(a-1) with "if applicable" language so contract failed to comply with sections 4(a-1) and 4(b) of the Act); see also 820 ILCS 130/4(a-1) (West 2018) (public body awarding contract shall insert in the contract a stipulation to the effect that not less than the prevailing rate of wages shall be paid to all laborers, workers, and mechanics performing work under the contract); *Prevailing Wage Public Body FAQ*, Ill. Dep't of Labor, https://www2.illinois.gov/idol/FAQs/Pages/public-body-faq.aspx (last visited Apr. 26, 2021) [https://perma.cc/7GMG-2SYW] (public body does not comply with the requirements of the Act by stating that the project is subject to the Act, "if applicable"). Per the Department's guidance, to provide proper written notification pursuant to the plain language of section 4 of the Act, the public body should ideally specify that the contract calls for the construction of a public work within the meaning of the Act, which requires contractors to pay laborers performing services on public works projects no less than the prevailing rate of wages; that the Department publishes and revises prevailing wage rates on its website (http://labor.illinois.gov); and that the contractor must check the website and comply with the Act's wage requirements. *Id.*; *Model Contract Language*, Ill. Dep't of Labor, https://www2.illinois.gov/idol/Laws-Rules/CONMED/Documents/contract.pdf (last visited Apr. 26, 2021) [https://perma.cc/PE3Y-9SLV]. At a minimum, the public body should state specifically that "the project is or is not

subject to the provisions of the [Act]." *Prevailing Wage Public Body FAQ*, *supra*; *Hartney Fuel Oil Co. v. Hamer*, 2013 IL 115130, ¶ 16 (even where review is *de novo*, agency's interpretation of its regulations and enabling statute are relevant given that agencies make informed judgments on issues based upon their experience and expertise and serve as an informed source for ascertaining the legislature's intent).

¶ 33        Nevertheless, the circuit court concluded that the Chicago Park District's lack of proper notice precluded plaintiffs' action, and the appellate court held that it did not. Notably, pursuant to the Act, where a prevailing-wage-rate complaint is presented to the Department and the Department determines that a violation of the Act has occurred (see the definitions in the "Prevailing Wage Hearing Procedures" of title 56 of the Illinois Administrative Code (56 Ill. Adm. Code 100.22 (2006) (" 'Violation' means a written decision by the Department that a contractor or subcontractor has: [*inter alia*,] failed or refused to pay the prevailing wage to one or more laborers, workers, or mechanics under a single contract or subcontract as required by Section 3 of the Act ***."))), the Department must determine if the public body provided proper written notice pursuant to section 4(a-3) of the Act. 820 ILCS 130/4(a-3) (West 2018) (now codified at 820 ILCS 130/4(g) (West 2018); see Pub. Act 100-1177, § 5 (eff. June 1, 2019)). "If proper written notice was not provided to the contractor by the public body ***, the Department *** shall order the public body *** to pay any interest, penalties or fines that would have been owed by the contractor if proper written notice were provided." *Id.*

¶ 34        The plain language of section 4(a-3) thus provides that a contractor owes interest, penalties, or fines if the public body provided "proper written notice" to the contractor, notifying the contractor that it was required to pay prevailing wage rates to its laborers, mechanics, and workers and, yet, the contractor failed to do so. *Id.* Consistent with section 11, proper written notice is provided, and the contractor is liable for costs, fees, penalties, and punitive damages, when the public body and the contractor have agreed to "stipulated rates for work done under such contract" and the contractor paid the laborer in a sum less than the stipulated "rates provided by the contract." *Id.* § 11. The Act thus allows punitive damages to be assessed against a contractor who received sufficient notice of its obligation to pay prevailing wage rates to its laborers, workers, and mechanics but failed to do so. See *Deal v. Byford*, 127 Ill. 2d 192, 203 (1989) ("[p]unitive damages are intended

- 12 -

to punish the wrongdoer and to deter that party, and others, from [participating] in similar acts").

¶ 35    Pursuant to section 11, the basis for the contractor's liability involves the "rates provided by the contract." 820 ILCS 130/11 (West 2018). In contrast, section 4(a-3)'s basis for recovery involves the "prevailing wage rate." *Id.* § 4(a-3) (failure by public body to provide written notice does not relieve contractor of duty to "comply with the prevailing wage rate, nor of the obligation to pay any back wages"). Section 11 thus presumes that the contracts contained the public body's proper notice required by section 4 and that the parties had therefore stipulated to the contractor's duty to pay prevailing wage rates to its laborers, workers, and mechanics. *Id.* § 11. Because section 11 presumes that the public body provided proper notice of the contractor's duty to pay prevailing wage rates and included a stipulated rate of payment in the contracts, section 11 lacks provisions to shift liability to the public body for interest, penalties, and fines for failing to provide the contractor with sufficient notice. This omission supports the conclusion that the legislature intended the right of action for damages established by section 11 to be limited to cases in which the underlying contract contained the public body's statutorily required notice, which amounted to the parties' stipulation to the application of prevailing wage rates.

¶ 36    Accordingly, reading the Act as a whole, the liability for interest, penalties, or fines owed by the contractor pursuant to section 11 is thus transferred to the public body when it fails to provide proper written notice to the contractor in the contracts regarding "stipulated rates for work done under such contract." *Id.* Pursuant to the plain language of the Act, where notice is insufficient, the public body becomes the wrongdoer to incur the penalties associated with that failure (*id.* § 4(a-3)). See *Deal*, 127 Ill. 2d at 203. Pursuant to this interpretation, the Act achieves its expressed intent: to ensure that laborers, mechanics, and workers receive prevailing wage rates for prevailing wage work and to ensure that public bodies provide sufficient notice of the application of the Act and prevailing wage rates to the contractor in the public contract.

¶ 37    The Act's plain language thus provides that, when the public body does not include a sufficient stipulation in a contract, the potential liabilities of the contractor are narrower than those provided under section 11, when a contractor disregards a

clear contractual stipulation to pay prevailing wage rates to its laborers, workers, and mechanics. It is unlikely that the legislature intended to subject contractors to the punitive penalties in section 11, which are more severe than those set forth in section 4, when the public body violates its statutory obligation to provide the proper notice and stipulation of wage rates apprising the contractor of its duty to pay prevailing wage rates to its laborers, mechanics, and workers.

¶ 38      Our conclusion does not preclude laborers from seeking relief for a contractor's alleged violation of the Act for failing to pay them prevailing wage rates for prevailing wage work.[1] "The failure of a public body or other entity to provide written notice under *** [s]ection 4 does not diminish the right of a laborer, worker, or mechanic to the prevailing rate of wages as determined under [the Act]." 820 ILCS 130/4(a-3) (West 2018). Likewise, "[t]he failure by a public body or other entity to provide written notice does not relieve the contractor of the duty to comply with the prevailing wage rate, nor of the obligation to pay any back wages, as determined under [the Act]." *Id.* However, unlike the damages listed in section 11, such back wages "shall be limited to the difference between the actual amount paid and the prevailing rate of wages required to be paid for the project." *Id.*

¶ 39      Plaintiffs contend that, if section 11 does not expressly allow them to file their right of action, the Act impliedly allows them to file a cause of action seeking the remedies provided by section 11 based on public policy and the liberal construction of section 11. However, this court has held that a statute's provision for an express right of action prevents an implication of the same right of action as a matter of law. *Fisher v. Lexington Health Care, Inc.*, 188 Ill. 2d 455, 460 (1999) (holding that implication of a private right of action is appropriate only if necessary to provide an adequate remedy for violations of the statute).

¶ 40      In sum, we affirm the circuit court's order dismissing plaintiffs' complaint pursuant to section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2018)). Plaintiffs' action seeking damages pursuant to section 11 fails because the Chicago Park District and defendant did not "stipulate[ ] rates for work done under [the] contract[s]." 820 ILCS 130/11 (West 2018). Because we affirm the circuit court's

---

[1]Here, plaintiffs presented allegations and sought relief in the circuit court pursuant to section 11.

- 14 -

order on the aforementioned basis, we need not address the parties' remaining arguments.

¶ 41                                      III. CONCLUSION

¶ 42        For the foregoing reasons, the judgment of the appellate court is reversed, and the judgment of the circuit court is affirmed.

¶ 43        Appellate court judgment reversed.

¶ 44        Circuit court judgment affirmed.