2022 IL App (1st) 210581-U

No. 1-21-0581

Order filed March 23, 2022

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| ROSALINDA CASTELLO, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 20 M1 107193 |
| | ) | |
| MARKOFF LAW, | ) | Honorable |
| | ) | Maire Aileen Dempsey, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE BURKE delivered the judgment of the court.
Presiding Justice Gordon and Justice Ellis concurred in the judgment.

**ORDER**

¶ 1    *Held*: Circuit court's dismissal of plaintiff's complaint pursuant to section 2-619(a)(9) of the Code of Civil Procedure is reversed and remanded because defendant's motion to dismiss did not raise an affirmative matter that defeated plaintiff's claim; rather, it disputed the complaint's factual allegations.

¶ 2    Plaintiff Rosalinda Castello filed a *pro se* complaint against defendant debt collector Markoff Law (Markoff), alleging that it violated a payment agreement intended to satisfy a debt she owed to the City of Chicago (the City) by withdrawing $1,043.65 more than she owed from

her bank account via postdated checks. The circuit court granted Markoff's motion to dismiss pursuant to section 2-619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 2020)). In support of that motion, Markoff submitted exhibits to dispute the complaint's allegations regarding the amount of the debt, the number of debt judgments against Castello, the length of her payment plan, and the events of a telephone call that led to the payment plan. We reverse.

¶ 3                            I. BACKGROUND

¶ 4      This lawsuit arose out of a debt that Castello owed to the City of Chicago. Neither the record nor Castello's brief indicates how the debt originated.[1] In any event, in 2010, the City registered an administrative judgement against "Rosalinda Lopez" in the amount of $3,050, which initiated case number 10 M1 666839 in the circuit court.[2] Markoff began representing the City in that case in 2017. The case was pending until at least 2019.

¶ 5      In 2020, Castello filed a *pro se* complaint against Markoff, which initiated this case. She alleged that, on February 4, 2019, she telephoned Markoff and agreed to pay $258.67 per month toward the judgment, and that the full amount of the judgment was $675. She paid Markoff $258.67 on each of the following days: February 28, March 27, April 27, May 27, and June 27, 2019. Additionally, she made a final payment of $166.63 on July 27, 2019, for a total of $1,459.98. On August 29, 2019, Markoff withdrew an additional $258.67 from Castello's bank account without her consent on a different debt account. Castello called Markoff several times, but they refused to return the money. In damages, Castello sought $1,043.65 as the difference between her

---

[1] We have taken this appeal on Castello's *pro se* brief only. Markoff did not file a brief.

[2] We take judicial notice of the Clerk of the Circuit Court's electronic docket in case number 10 M1 666839. See *TCF Nat. Bank v. Richards*, 2016 IL App (1st) 152083, ¶ 50. Neither party disputes that "Rosalinda Lopez" is the same person as Rosalinda Castello.

$675 debt and the $1,718.65 that Markoff withdrew from her account, as well as $2,000 in emotional damages.

¶ 6     Markoff filed a motion to dismiss pursuant to section 2-619(a)(9), which acknowledged that Castello spoke with one of the firm's representatives by telephone on February 4, 2019. According to Markoff, the representative told Castello that there were two judgments against her in the amounts of $1,440.94 and $4,767, respectively.[3] Castello agreed to a payment plan based on the total of the two judgments, $6,208.11, in which she would pay $258.67 per month beginning on February 25, 2019, and continuing on the 27th of each month for two years, for 24 payments total. Castello provided her bank account information, which Markoff used to print a series of postdated checks payable to itself. On August 30, 2019, Castello called Markoff and stated that she did not agree to a payment plan with respect to the second judgment. Markoff immediately canceled all future payments. Markoff denied that it withdrew funds from Castello's bank account without her authorization and argued that she did "not have a valid claim in this case."

¶ 7     Markoff attached as exhibits to its motion to dismiss two letters addressed to Castello, both dated February 4, 2019. Both letters have the header "Confirmation of Payment Arrangement" and reference case number 10 M1 666839. The first letter references a file number ending in 20 and indicates that Castello agreed to pay $258.67 per month beginning on February 25, 2019, and on the 27th of each month thereafter, "until paid in full." The second letter references a file number

---

[3] Markoff's motion to dismiss purports to itemize both of Castello's debts, but its arithmetic is incorrect. According to Markoff, the first account consisted of "$675.00 in principal, $190.25 in collection costs, $35.00 in court costs, and $540.43 in interest." This totals $1,440.78, not $1,440.94. The second account allegedly consisted of "$2,375.00 in principal, $275.34 in collection costs, $275.34 in court costs, and $1,901.50 in interest minus a payment previous made of $455.00." This totals $4,372.18, not $4,767. Neither total adds up to $6,208.11. The itemized amounts are $1,440.78 plus $4,372.18, which equals $5,812.96. The non-itemized amounts are $1,440.94 plus $4,767.00, which equals $6,207.94.

ending in 12 and indicates that Castello agreed to pay $19.04 on August 27, 2019, and $258.67 per month on the 27th of each month thereafter, "until paid in full." Neither letter indicates the full or itemized amounts owed, the number of payments to be made, or the length of the payment plans. Markoff also attached the affidavit of one of its partners, Sarah Grincewicz. Grincewicz attests that, during the February 4, 2019, telephone call, Castello "agreed to make payments of $258.67 a month for two years on her two accounts with Markoff Law LLC with a total balance of $6,208.11."

¶ 8    Castello filed a response to the motion to dismiss, which stated that she did not receive the letter pertaining to the file number ending in 12, and that neither letter indicated that she agreed to make payments for two years or that her total debt was $6,208.11. Markoff's reply offered to provide a recording of Castello's February 4, 2019, telephone call with Markoff to the court for *in camera* inspection. A court order indicates that Castello agreed to an *in camera* inspection of the telephone call recording. This recording is not in the record on appeal.

¶ 9    The court granted Markoff's motion to dismiss. The record does not reflect the court's reasoning for its ruling. Castello then filed a "motion for continuance" that requested documentation of the second debt judgment in the amount of approximately $4,767. Attached to the motion is an image of a check from Castello's bank account to Markoff, dated August 27, 2019, in the amount of $258.67. Castello also attached a notice that Markoff filed a petition for revival of judgment in case number 10 M1 666839 on January 16, 2019, although this notice contains no information about the amount of the judgment. Castello also filed a "motion to reconsider the ruling," which argued that "the recording that was heard in the court was [her] first

time [hearing] it and [she] was not prepared to consider the facts." She again requested proof of the $4,767 that Markoff claimed she owed. The court denied this motion.

¶ 10    Castello timely appealed.

¶ 11                                    II. ANALYSIS

¶ 12                                    A. Jurisdiction

¶ 13    We must first examine our own jurisdiction. *People v. Lewis*, 234 Ill. 2d 32, 36-7 (2009). Castello's *pro se* notice of appeal indicates that she is appealing from the circuit court's order of May 21, 2021. The circuit court did not enter an order on that date; its last order was the denial of Castello's motion to reconsider on May 4, 2021. Castello filed her notice of appeal on May 21, 2021. A notice of appeal must "specify the judgment or part thereof or other orders appealed from." Ill. S. Ct. R. 303(b)(2) (eff. July 1, 2017). However, we construe notices of appeal liberally (*CitiMortgage v. Hoeft*, 2015 IL App (1st) 150459, ¶ 8) and, if the defect is of form, not substance, failure to strictly comply with the requirements for a notice of appeal is not fatal to jurisdiction (*People v. Hayes*, 2021 IL App (1st) 190881, ¶ 17 (not yet released for publication and subject to revision or withdrawal) (citing *People v. Smith*, 228 Ill. 2d 95, 104-05 (2008)).

¶ 14    We find that Castello's error is one of form. It appears that she misinterpreted the date of judgment appealed from as the date that she filed her notice of appeal. A review of the circuit court's docket, which is part of the record on appeal, indicates that, as a practical matter, the only judgment that Castello could be appealing from is the dismissal of her complaint pursuant to section 2-619(a)(9). That was the only substantive ruling that the circuit court made and, upon the denial of Castello's motion to reconsider, it disposed of this case entirely. The circuit court's grant of Markoff's section 2-619(a)(9) motion to dismiss "ascertain[ed] and fix[ed] absolutely and

finally the rights of the parties" because it found that Castello was barred from suing Markoff. Therefore, the court's order was final and appealable. See *Flores v. Dugan*, 91 Ill. 2d 108, 112 (1982); Ill. S. Ct. R. 301 (eff. Feb. 1, 1994) ("Every final judgment of a circuit court in a civil case is appealable as of right."). Markoff did not file an appellate brief, so it has forfeited any argument regarding defects in Castello's notice of appeal. See *Chak Fai Hau v. Department of Revenue*, 2019 IL App (1st) 172588, ¶ 60 (Internal quotation omitted.) ("both appellees and appellants forfeit any points not argued in their briefs."). Thus, the defects in Castello's *pro se* notice of appeal do not deprive us of jurisdiction. See *Hayes*, 2021 IL App (1st) 190881, ¶ 17.

¶ 15                           B. Supreme Court Rule 341(h)(7)

¶ 16    Castello's brief does not comply with Illinois Supreme Court Rule 341(h)(7) (Ill. S. Ct. Rule 341(h)(7) (eff. Oct. 1, 2020)), which applies to *pro se* litigants as it does to represented litigants (*Lewis v. Heartland Food Corp.*, 2014 IL App (1st) 123303, ¶ 5). Rule 341(h)(7) requires the appellant to present clear and cohesive legal arguments with citations to authorities and the record so that we may address the issues raised on appeal. *Gandy v. Kimbrough*, 406 Ill. App. 3d 867, 875 (2010). Castello's brief does not meet this standard. However, the deficiencies in her brief are not so flagrant as to hinder our review, because the record is short, and the issues are straightforward. See *Hall v. Naper Gold Hospitality, LLC*, 2012 IL App (2d) 111151, ¶ 15 (We will strike a brief only when violations of the Supreme Court Rules hinder our effective review). Moreover, Markoff has not argued that we should strike Castello's brief for failure to comply with Rule 341(h)(7), because Markoff did not file a brief at all. Thus, we will address the dismissal of Castello's complaint pursuant to section 2-619(a)(9) on the merits.

¶ 17                           C. Section 2-619(a)(9)

¶ 18     Section 2-619(a)(9) allows a defendant to file a motion to dismiss on the grounds that "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2020). The purpose of this section is to dispose of issues of law and easily proven issues of fact early in the case. *O'Casek v. Children's Home and Aid Soc. of Illinois*, 229 Ill. 2d 421, 436 (2008). The defendant has the burden of establishing that the affirmative matter defeats the plaintiff's claim. *Doe v. University of Chicago Medical Center*, 2015 IL App (1st) 133735, ¶ 37. If the defendant carries that burden, then the burden shifts to the plaintiff to demonstrate that the affirmative matter is unfounded or requires the resolution of a material fact. *Id.*

¶ 19     A section 2-619(a)(9) motion must admit the legal sufficiency of the complaint, as well as all well-pleaded facts and reasonable inferences from them. *Snyder v. Heidelberger*, 2011 IL 111052, ¶ 8. The affirmative matter that the defendant asserts must be "some kind of defense 'other than a negation of the essential allegations of the plaintiff's cause of action.' " *Smith v. Waukegan Park Dist.*, 231 Ill. 2d 111, 120-21 (2008) (quoting *Kedzie & 103rd Currency Exchange v. Hodge*, 156 Ill. 2d 112, 115 (1993)). For example, tort immunity or a plaintiff's lack of standing are proper affirmative matters under section 2-619(a)(9) because they completely defeat the plaintiff's ability to prosecute a claim against the defendant. *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 33. Affirmative matters do not include " 'evidence upon which defendant expects to contest an ultimate fact stated in the complaint.' " *Id.* ¶ 34 (quoting *Smith*, 23 Ill. 2d at 121); see also *Malanowski v. Jabamoni*, 293 Ill. App. 3d 720, 723 (1997) ("Evidence which merely refutes a well-pled fact in the complaint is not an 'affirmative matter' within the meaning of [section 2-619(a)(9)]"). Thus, section 2-619(a)(9) does not permit the defendant to submit exhibits

to contest the plaintiff's factual allegations or to present the defendant's version of events. *Reynolds*, 2013 IL App (4th) 120139, ¶ 34.

¶ 20   In ruling on a section 2-619 motion, a court " 'must interpret all pleadings and supporting documents in the light most favorable to the nonmoving party.' " *Valerio v. Moore Landscapes, LLC*, 2021 IL 126139, ¶ 20 (not yet released for publication and subject to revision or withdrawal) (quoting *In re Chicago Flood Litigation*, 176 Ill. 2d 179, 189 (1997)). The court accepts as true all well-pleaded facts in the complaint and all inferences that may reasonably be drawn in the plaintiff's favor. *Id.* (citing *Ferguson v. City of Chicago*, 213 Ill. 2d 94, 96-97 (2004)). If a complaint is dismissed pursuant to a section 2-619(a)(9) motion, the question on appeal is whether the " 'existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law.' " *Ross v. May Co.*, 377 Ill. App. 3d 387, 390 (2007) (quoting *Hodge*, 156 Ill. 2d at 116-17). We review the dismissal of a complaint pursuant to section 2-619(a)(9) *de novo*. *Smith*, 231 Ill. 2d at 115. *De novo* review means that we perform the same analysis that the circuit court would perform. *Khan v. BDO Seidman, LLP*, 408 Ill. App. 3d 564, 578 (2011).

¶ 21   Castello's *pro se* complaint does not set out a specific legal theory of liability, but we need not identify one to resolve this appeal. Based on their pleadings, the parties agree that they entered into an agreement on February 4, 2019, under which Castello would pay Markoff $258.67 per month to resolve a debt she owed to the City. However, the parties dispute every other fact, including the total amount of the debt, the length of the payment arrangement, whether the payment arrangement applied to one debt or two, and what occurred during the telephone call of February 4, 2019. Castello's complaint claims that the payment arrangement applied to one debt of $675

and that Markoff cashed checks for $1,043.65 more than what she owed. By contrast, Markoff's motion to dismiss contends that the payment arrangement applied to two debts totaling $6,208.11, which Castello agreed to pay in 24 installments over two years. Markoff denies that it cashed checks for more than what Castello owed and claims that she canceled the payment agreement a year and a half before her debt to the City had been paid. Thus, Castello's complaint and Markoff's motion to dismiss present very different factual scenarios.

¶ 22    We find that the materials Markoff presented in support of its motion to dismiss did not constitute an affirmative matter within the meaning of section 2-619(a)(9). Markoff's submissions consisted of: (1) the two letters of February 4, 2019, (2) Grincewicz's affidavit, and (3) the recording of the February 4, 2019, telephone call. Markoff used these submissions to argue that Castello owed the City $6,208.11 on two accounts as opposed to $675 on one account and that, during the February 4, 2019, telephone call, she agreed to a two-year payment plan to resolve both debts. The implication of Markoff's motion was that Markoff did not violate the payment agreement and that it was entitled to continue cashing checks from Castello's account until her debts were paid.

¶ 23    Markoff's motion was improper because a section 2-619(a)(9) motion must concede the truth of all well-pled allegations in the complaint; thus, material in support of the motion may not be used to contradict well-pled facts in the complaint. See *Chicago Title Ins. Co. v. Teachers' Retirement System of State of Ill.*, 2014 IL App (1st) 131452, ¶ 15. Markoff's motion to dismiss did not raise an affirmative matter that would defeat Castello's claim. Rather, it simply set out Markoff's version of events, which is not proper in a section 2-619(a)(9) motion. See *Reynolds*, 2013 IL App (4th) 120139, ¶ 34 ("an affirmative matter is not the defendant's version of the facts").

Because Markoff's submissions did not constitute an affirmative matter under section 2-619(a)(9), the burden never shifted to Castello to counter it. See *Doe*, 2015 IL App (1st) 133735, ¶ 55.

¶ 24    It follows that the circuit court erred in granting Markoff's motion to dismiss. Markoff's motion only contested Castello's version of the facts. Thus, in granting the motion, the court made a factual determination, accepting Markoff's version of the facts over the allegations that Castello's complaint set forth. Such a ruling was not appropriate, as section 2-619(a)(9) does not "authorize a fact-based 'mini-trial' on whether plaintiff can support [her] allegations." See *Reynolds*, 2013 IL App (4th) 120139, ¶ 42. "If defendant's evidence in support of a section 2-619(a)(9) motion does nothing more than refute the well-pleaded allegations of the complaint, the complaint trumps that evidence, and dismissal is improper." *Doe*, 2015 IL App (1st) 133735, ¶ 43. That is what occurred here. Markoff did not carry its burden of setting forth an affirmative defense that defeated Castello's claim; thus, the court should not have granted its motion. Accordingly, we find that the circuit court should not have granted Markoff's section 2-619(a)(9) motion, and we remand for further proceedings.

¶ 25                                III. CONCLUSION

¶ 26    For the foregoing reasons, we reverse the judgment of the circuit court of Cook County and remand this matter for further proceedings.

¶ 27    Reversed and remanded.